# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JAMES G. WONG, DANIEL R. AND WANDA D. JENSEN, and TERRY M. LOVETT (f/k/a TERRY M. BROOKS), individually and on behalf of all those similarly situated,<br>　　　　Plaintiffs,<br>v.<br><br>BANN-COR MORTGAGE, et al.,<br>　　　　Defendants. | No. 10-1038-CV-W-FJG |

## ORDER

Pending before the Court is plaintiffs' Motion for Stay of Proceedings or, in the Alternative, for an Extension of Time to Respond to Motions to Dismiss (Doc. No. 25).

Plaintiffs indicate that this case was removed to this Court on October 22, 2010, but that plaintiffs intend to promptly move the Court to remand this case back to the Circuit Court of Jackson County.[1] Plaintiffs note that "[f]or numerous reasons to be set forth in the Motion to Remand, Plaintiffs suggest that the removal of this action was improper." Plaintiffs note that defendants have already filed motions to dismiss, and more are expected to be filed. Plaintiffs indicate that the motions involve complex issues, such as standing and federal preemption. Plaintiffs indicate the case should be stayed pending the Court's examination of the not-yet-filed motion to remand, as there is no reason for the Court to consider the motions to dismiss before it considers the motion to remand. Plaintiff states that "[g]iven the substantial likelihood that federal jurisdiction . . . is lacking and/or that the Court will otherwise determine that the case should be remanded to state court," this Court should stay all deadlines except those applicable to the not-yet-filed motion to remand, or, in the alternative, extend plaintiffs' time to respond to the pending and not-yet-filed motions to dismiss until after the Court rules upon plaintiffs' motion to remand.

---

[1]To-date, plaintiffs have not filed a motion to remand.

Defendants Wells Fargo Bank, N.A., Sovereign Bank, Cityscape Home Equity Loan Trust Series 1997 B, Cityscape Home Equity Loan Trust Series 1997 C, U.S. Bank National association, U.S. Bank National Association ND, and Franklin Credit Management Company have filed suggestions in opposition to plaintiff's motion to stay. (Doc. No. 35). Defendants indicate that a stay is not justified as removal was well-founded and briefing on the motions to dismiss can occur concurrently with briefing on plaintiffs' potential remand motion. Defendants note that briefing on the motions to dismiss would be beneficial to timely disposition of those claims, no matter the forum. Defendants indicate that plaintiffs "should not be permitted to stall this Court's consideration of critical threshold issues that may effectively dispose of all of these claims." Doc. No. 35, p. 2. Defendants agree that the Court ought to decide any motion to remand prior to ruling a motion to dismiss, but indicate that the briefing of all motions can occur at the same time.

The Court agrees with defendants that a stay is not necessary. As noted by defendants, a stay of briefing of the pending motions to dismiss could lead to unnecessary delay of this matter, and the issues raised in such motions could be decided by either a federal court or a state court. Accordingly, plaintiffs' motion (Doc. No. 25) is **DENIED.**

**IT IS SO ORDERED.**

Dated:  11/10/10  
Kansas City, Missouri

/s/ FERNANDO J. GAITAN, JR.  
Fernando J. Gaitan, Jr.  
Chief United States District Judge