IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JAMES G. WONG, DANIEL R. AND WANDA D. JENSEN, and TERRY M. LOVETT (f/k/a TERRY M. BROOKS), individually and on behalf of all those similarly situated,<br>　　　　Plaintiffs,<br>v.<br><br>BANN-COR MORTGAGE, et al.,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 10-1038-CV-W-FJG<br>)<br>)<br>) |

# ORDER

Pending before the Court are (1) Plaintiffs' Motion to Enlarge the Time for Filing Responses to Sovereign Bank's Motions to Dismiss (Doc. No. 37); and (2) Plaintiffs' Motion to Enlarge the Time for Filing Responses to U.S. Bank National Association's Motions to Dismiss (Doc. No. 48).

Plaintiffs' responses to Sovereign Bank's Motions to Dismiss (Doc. Nos. 12 and 14) were due November 15, 2010. Plaintiffs' responses to U.S. Bank National Association's Motions to Dismiss (Doc. Nos. 29 and 31) were due November 22, 2010. On November 1, 2010, plaintiffs filed a motion to stay proceedings (with the exception of a forthcoming motion to remand), or, in the alternative, for a motion for extension of time to file responses to motions to dismiss until after the Court ruled upon motions to remand. See Plaintiff's Motion, Doc. No. 25. This motion was denied on November 10, 2010, as the Court found such an extension of time could lead to unnecessary delay of this matter. See Order, Doc. No. 36.

On November 12, 2010, plaintiffs filed their motion to enlarge the time for filing responses to Sovereign Bank's motions to dismiss (Doc. No. 37). In this motion, plaintiffs seek a 45-day enlargement of the time to respond, such that responses would be due December 30, 2010. Plaintiffs indicate this extension of time is necessary because their

counsel are engaged in responding to a series of various motions to dismiss filed in other state and federal courts involving the same issues, parties and counsel as this case, and "[a]s a result of this flood of pleadings in this an [sic] other SMLA cases, all of which generally involving the same parties and counsel, a proper response to the dismissal motions an [sic] issue will require more time than is available between now and the current deadline for responding thereto."  Doc. No. 37, p.3.  Plaintiffs also complain that they are still in the process of obtaining service on some of the defendants in the present action, and that these unserved parties may file motions of their own or otherwise may want to be heard, and plaintiffs believe a unitary opposition to the anticipated motions "makes sense."  Plaintiffs further reiterate that they believe the case was improvidently removed and that the Court will not need to examine the issues raised in the motions to dismiss.

Plaintiffs similarly move for an extension of the deadline to file responses to U.S. Bank National Association's Motions to Dismiss (Doc. No. 48), making many of the same arguments as above.  In addition, plaintiffs argue that U.S. Bank's motion to dismiss for lack of personal jurisdiction relies upon an attached affidavit, and plaintiffs have had no opportunity to conduct discovery regarding the facts asserted in the affidavit and "until this Court's jurisdiction or lack thereof is resolved in connection with Plaintiffs' pending *Motion to Remand*, Plaintiffs cannot risk a waiver of state court jurisdiction by initiating discovery."  See Doc. No. 48, p. 2.[1]  Plaintiffs again request that the Court enlarge the time in which plaintiffs respond to sometime after the Court has ruled on plaintiffs' now-pending motion to remand (and, presumably, until after the Eighth Circuit has had a chance to consider any permissive appeal on the remand issue, see Doc. No. 48, p. 4).

---

[1] The Court believes that jurisdictional discovery would not constitute a waiver of state court jurisdiction under the circumstances of this case, especially given that plaintiffs' motion to remand is now filed.  See American Oil Co. v. Eagan, 357 F.Supp. 610, 612, 614 (D. Minn. 1973); May v. AG/CP Crestwood Retail Owners, LLC, 2009 WL 3433262, *2, (E.D. Mo., Oct. 16, 2009).  In any event, plaintiffs have not requested jurisdictional discovery to date.

Defendants Sovereign Bank (Doc. No. 45) and Cityscape Home Loan Trust and U.S. Bank National Association (Doc. No. 49) have filed opposition to plaintiffs' motions for extension of time. Sovereign Bank indicates that there is no recent "flood" of pleadings; instead, Sovereign Bank indicates the motions to dismiss in <u>Gilmor</u> and <u>Thomas</u> which were referenced in plaintiff's motion have been pending since January 2006 and August 2010, respectively. Sovereign Bank also indicates that counsel should be aware of the case law, given the extensive history of this and other SMLA cases, and that their contemporaneous and prior experience with these issues should allow them to promptly brief this Court. Cityscape Home Loan Trust and U.S. Bank National Association (hereinafter, "U.S. Bank") indicate that the relief sought by plaintiffs, namely allowing a stay of briefing on the motions to dismiss until the motion to remand is ruled, was already denied by this Court by its Order of November 10, 2010 (Doc. No. 36). U.S. Bank indicates that nothing has changed that should alter the Court's decision. Both Sovereign Bank and U.S. Bank indicate they would be willing to allow plaintiffs a three-week extension of time to respond to the pending motions to dismiss.

The Court finds that defendants' positions have merit. As discussed in its previous order (Doc. No. 36), such extensive delays as proposed by plaintiffs could lead to unnecessary delay of this matter. Plaintiffs' motions for extension of time (Doc. Nos. 37 and 48) will be **DENIED.** Plaintiffs will be allowed until **DECEMBER 13, 2010,** to file responses to defendants Sovereign Bank and U.S. Bank's motions to dismiss (Doc. Nos. 12, 14, 29, and 31).

**IT IS SO ORDERED.**


Dated:   11/30/10      /s/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri      Fernando J. Gaitan, Jr.
      Chief United States District Judge

3