# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

JAMES G. WONG, DANIEL R. AND )
WANDA D. JENSEN, and TERRY M. )
LOVETT (f/k/a TERRY M. BROOKS), )
individually and on behalf of all those )
similarly situated, )
      Plaintiffs, )
v. ) No. 10-1038-CV-W-FJG
   )
BANN-COR MORTGAGE, et al., )
      Defendants. )

## ORDER

     Pending before the Court is Plaintiffs' Motion for Leave to Conduct Expedited Limited Jurisdictional Discovery (Doc. No. 58, filed on December 2, 2010). Plaintiffs believe that jurisdictional discovery is necessary for them to form a proper response to defendants Cityscape Home Equity Loan Trust Series 1997-B and 199-C and U.S. Bank National Association's (hereinafter "moving defendants") Motion to Dismiss for lack of personal jurisdiction (Doc. No. 31), which was filed on November 5, 2010.[1] Plaintiffs note that moving defendants' motion to dismiss contained an affidavit of Pamela Wieder which sets forth various evidence that has not been produced to plaintiffs (including "Agreements", data which contains information regarding the initial loan pool assigned to one of the defendants, and statements regarding how these defendants acquired Missouri loans and how they collect payments from Missouri residents related to these loans). Plaintiffs request "limited" expedited written discovery on these issues, and request responses from defendants by December 9, 2010, so that plaintiffs can respond to defendants' motion to dismiss by their response deadline of December 13, 2010. Notably, plaintiffs request leave to serve six separate sets of discovery requests containing 31 interrogatories and 105 document requests. Plaintiffs also request the Court allow them to take the deposition of a corporate representative of these defendants on or before December 10, 2010.

     Moving defendants respond, requesting the Court deny plaintiffs' motion for expedited discovery and instead allow defendants to provide plaintiff limited jurisdictional disclosures.

---

[1] Notably, this case has been pending for approximately 10 years in state court (with occasional removals to federal court and subsequent remands to state court). According to moving defendants' suggestions in support of their motion to dismiss (Doc. No. 32), moving defendants had been sued previously and voluntarily dismissed in 2003, and that a second suit was filed in 2003 but the parties were again voluntarily dismissed in 2005.

In particular, moving defendants note that the plaintiffs' written discovery is overbroad, venturing into merits discovery issues. Further, moving defendants note that plaintiffs are seeking a corporate representative deposition with just six days' notice. Moving defendants indicate that plaintiffs cannot dispute the basic jurisdiction facts underpinning the motion to dismiss, further noting that similar motions have been filed in many state actions involving similar claims against similar trusts represented by the same defense counsel (and involving the same plaintiff's counsel). In order to satisfy plaintiff's concerns, however, moving defendants propose to produce on an expedited basis (1) their Pooling and Servicing Agreements; (2) the prospectus for the 1997-C Cityscape Trust referenced in Ms. Wieder's declaration; (3) the redacted loan schedule supporting Ms. Wider's declaration that only 4.35% of the loans in that Trust were secured by Missouri real estate; and (4) responses to portions of plaintiffs' discovery which have some bearing on jurisdictional issues (such as whether defendants serviced the loans and whether the defendant Trusts received any licenses from Missouri).

In reply, plaintiffs argue that they must have the extensive discovery sought in their motion for expedited discovery in order to respond to defendants' motion to dismiss. Frankly, however, the Court is not convinced at this stage that the discovery sought by plaintiffs is necessary, nor that it should be conducted on an expedited basis. Therefore, plaintiffs' motion is **DENIED.** Instead, the Court believes that defendants' suggested alternate production of documents and responses (as detailed above) should be sufficient to satisfy at least some of plaintiffs' concerns.[2]

**IT IS SO ORDERED.**

Dated:  12/08/10  
Kansas City, Missouri

/s/ FERNANDO J. GAITAN, JR.  
Fernando J. Gaitan, Jr.  
Chief United States District Judge

---

[2] To the extent that plaintiffs believe that further discovery would be necessary to respond to some particular point in defendants' motion to dismiss plaintiffs should indicate that within their response to the motion to dismiss for lack of personal jurisdiction. The Court will determine whether to allow further jurisdictional discovery <u>after</u> the motion to dismiss for lack of personal jurisdiction is fully briefed and the Court has been fully apprised of the issues and the parties' positions.