**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| JAMES G. WONG, DANIEL R. AND WANDA D. JENSEN, and TERRY M. LOVETT (f/k/a TERRY M. BROOKS), individually and on behalf of all those similarly situated,<br>        Plaintiffs,<br>v.<br><br>BANN-COR MORTGAGE, et al.,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 10-1038-CV-W-FJG<br>)<br>)<br>) |

## ORDER

Pending before the Court is Plaintiffs' Motion to Remand (Doc. No. 46). Together with said motion are Plaintiffs' Suggestions in Support (Doc. No. 47); Plaintiffs' Notice of Supplemental Authority in Support of Motion to Remand (Doc. No. 61); Defendant Wells Fargo's Suggestions in Opposition to Plaintiffs' Motion to Remand (Doc. No. 95); Defendant Sovereign Bank's Suggestions in Opposition to Plaintiffs' Motion to Remand (Doc. No. 96); Joining Removing Defendants' Supporting Suggestions in Opposition to Plaintiffs' Motion to Remand (Doc. No. 101); Defendant Franklin Credit Management Corporation's Joinder in Wells Fargo's Suggestions in Opposition to Plaintiffs' Motion to Remand (Doc. No. 102); Plaintiffs' Joint Reply to Defendants' Suggestions and Joinders in Opposition to Motion to Remand (Doc. No. 147); Plaintiffs' Second Notice of Supplemental Authority in Support of Motion to Remand (Doc. No. 166); and Wells Fargo Bank, N.A.'s Suggestions in Opposition to Plaintiffs' Second Notice of Supplemental Authority in Support of Plaintiffs' Motion to Remand (Doc. No. 167).

## I.    Background

On October 22, 2010, defendant Wells Fargo Bank, N.A. ("Wells Fargo") filed its Notice of Removal (Doc. No. 1). Defendant Wells Fargo indicated that it was removing this action pursuant to 28 U.S.C. §§ 1332, 1441, 1453 and 1446. In particular, defendant Wells

Fargo indicated in its Notice of Removal that its removal was based on the Class Action Fairness Act ("CAFA"), arguing that the suit against it commenced for purposes of CAFA on September 22, 2010, the date when plaintiffs filed their Sixth Amended Petition in state court.

This case has had a long history in the state and federal courts. Plaintiffs John and Jeannette Schwartz and James G. Wong filed their original petition in this matter on October 31, 2000. See Doc. No. 47, Ex. 1.[1] The original petition brought claims under the Missouri Second Mortgage Loan Act ("MSMLA"), RSMo. §§ 408.231 et seq., alleging their subordinate lien loans originated by Bann-Cor Mortgage ("Bann-Cor") and secured by Missouri real estate violate the MSMLA. The defendant parties in the original petition were Bann-Cor, U.S. Bank N.A. and Does 1 through 25. U.S. Bank N.A. and Does 1-25 were identified collectively as the "assignee defendants" and were alleged to be the "purchasers and/or assignees and/or were or are the current holders (or were or are the trustees of such purchasers, assignees or holders) of the Second Mortgage Loans of the plaintiffs and the plaintiff class, which Second Mortgage Loans were originated and made by BANN-COR to plaintiffs and the plaintiff class. . . ." Doc. No. 47, Ex. 1, at ¶¶ 5, 7-8. The Does 1-25 were identified as "the yet to be named additional individual business trusts or mortgage pools organized under various state laws who purchased and/or were assigned and/or now hold the Second Mortgage Loans . . . ." Id. at ¶ 7. Plaintiffs' original petition includes allegations directed at a putative defendant class, although it appears that plaintiffs have never sought to certify a defendant class in this matter.

Plaintiffs amended their petition multiple times. On December 18, 2000, they amended their petition to add defendant Master Financial, Inc. and delete defendant U.S. Bank N.A. See Doc. No. 95, Ex. 4. The allegations against defendant Does 1 through 25

---

[1]The Schwartz plaintiffs settled their claims against certain defendants in 2009, and are no longer parties to the case. See Doc. No. 1, p. 3, n. 1.

remained the same as in the original petition. The action was removed to federal court on December 19, 2000, by defendant Bann-Cor on the basis of diversity jurisdiction. <u>See</u> Case No. 00-01271-CV-W-FJG. The case was remanded on February 8, 2001, after the Court found the amount in controversy could not be met. On September 6, 2001, the case was removed yet again, based on plaintiffs' motion for leave to file a second amended petition. <u>See</u> Case No. 01-00980-CV-W-HFS. Judge Sachs entered an order remanding this case yet again on October 22, 2001, finding that federal question jurisdiction was not present. <u>Id.</u>, Doc. No. 14.

On May 28, 2002, plaintiffs filed their Second Amended Petition[2], naming in addition to the defendants named in the amended petition the following: PSB Lending Corporation; Homeq Servicing Corporation; The Money Store, Inc.; The First National Mortgage Exchange, Inc.; Master Financial Asset Securitization Trusts 1997-1, 1998-1, and 1998-2; Home Loan Trust 1997-HI3; FirstPlus Home Loan Owner Trusts 1997-1, 1997-2, 1997-3, 1997-4, 1998-1, 1998-2, 1998-3, 1998-4, and 1998-5; Empire Funding Home Loan Owner Trusts 1997-1, 1997-2, 1997-3, 1997-4, 1998-1, 1998-2, 1998-3, and 1999-1; PSB Lending Home Loan Owner Trusts 1997-3 and 1997-4; Countrywide Home Loan Trust 2001-HLV1; The Money Store Residential Trusts 1997-I and 1997-II; Cityscape Home Loan Owner Trusts 1997-2, 1997-3, and 1997-4; Cityscape Home Equity Loan Trusts Series 1997 B and 1997 C; US Bank, National Association; US Bank National Association ND; Wilmington Trust Company; First Union Trust Company; and Chase Manhattan Bank.

On August 11, 2002, a Third Amended Petition was filed. <u>See</u> Doc. No. 95, Ex. 6. The Third Amended Petition named as defendants: Bann-Cor Mortgage; Master Financial, Inc.; Homeq Servicing Corporation; The Money Store, Inc.; Master Financial Asset Securitization Trust 1997-1; Master Financial Asset Securitization Trust 1998-1; Master

---

[2]In the Second Amended Petition, plaintiffs continued to name Does 1-25, in addition to the forty newly named defendants. The definition of the Doe defendants remained the same in the Second Amended Petition as in the original Petition.

Financial Asset Securitization Trust 1998-2; and Does 1-25, which are described the same way as in plaintiffs' original Petition.[3]

On January 28, 2005, the Circuit Court of Jackson County, Missouri, granted certain motions to dismiss and motions for summary judgment filed by the then-named defendants, ruling that plaintiffs' claims were barred by the three-year statute of limitations set forth in RSMo § 516.130(2). See Schwartz v. Bann-Cor Mortg., 197 S.W.3d 168, 170 (Mo. App. W.D. 2006). On May 9, 2006, this decision was reversed on appeal, as the Missouri Court of Appeals found that plaintiffs' claims were governed by the six-year statute of limitations

─────────────────────

[3]It appears that this Court also handled a related Schwartz v. Bann-Cor case which was removed on October 16, 2003, and which was remanded on June 14, 2004. See Case No. 03-00922-CV-W-FJG. Notably, however, Case No. 03-00922-CV-W-FJG was docketed in state court as Schwartz II, Case No. 03-CV-224614 (whereas the matter pending before the Court today is Schwartz I, docketed in state court as Case No. 00-CV-226639). Schwartz II was filed on September 4, 2003 (see Case No. 03-00922, Doc. No. 1-3), and included as defendants those assignee defendants who did not hold the loans of the named plaintiffs in Schwartz I. See Case No. 03-0922, Doc. No. 1-3, p. 11. Plaintiffs' stated purpose in filing their petition in Schwartz II was to "preserve all rights and remedies of the putative class members in connection with any possible statute of limitations defense relating to their claims . . . ." Id. at p. 12. The named defendants in Schwartz II are: Bann-Cor Mortgage; Master Financial, Inc.; PSB Lending Corporation; Homeq Servicing Corporation f/k/a TMS Mortgage, Inc. d/b/a The Money Store; The Money Store, Inc.; The First National Mortgage Exchange, Inc. d/b/a First Colony Financial Group; Master Financial Asset Securitization Trusts 1997-1, 1998-1, 1998-2; Home Loan Trust 1997-HI3; Firstplus Home Loan Owner Trusts 1997-1, 1997-2, 1997-3, 1997-4, 1998-1, 1998-2, 1998-3, 1998-4, and 1998-5; Empire Funding Home Loan Owner Trusts 1997-1, 1997-2, 1997-3, 1997-4, 1998-1, 1998-2, 1998-3, and 1999-1; PSB Lending Home Loan Owner Trusts 1997-3 and 1997-4; Countrywide Home Loan Trust 2001-HLV1; The Money Store Residential Trusts 1997-I and 1997-II; Cityscape Home Loan Owner Trusts 1997-2, 1997-3 and 1997-4; Cityscape Home Equity Loan Trusts Series 1997 B and 1997 C; US Bank, National Association; US Bank National Association ND; Wilmington Trust Company; First Union Trust Company; Chase Manhattan Bank; and Does 1 through 25. It further appears from Missouri Case.net that plaintiffs' claims in Case No. 03-CV-224614 were dismissed without prejudice on February 16, 2005. Notably, plaintiffs make no argument in their motion to remand that the filing of Schwartz II somehow has any relationship with their relation-back theories as to the claims against the defendants named both in Schwartz II and their Sixth Amended Petition in Schwartz I.

set forth in RSMo § 516.420, and thus the claims were timely-filed.  See id. at 178-79.

On January 5, 2007, plaintiffs filed a Fourth Amended Petition (Doc. No. 95, Ex. 7). The Fourth Amended Petition added Daniel R. and Wanda D. Jensen as plaintiffs.  The defendants (including Does 1-25) remained the same as in the Third Amended Petition. On December 21, 2007, plaintiffs filed a Fifth Amended Petition.  The plaintiffs and defendants remained the same as in the Fourth Amended Petition.

On March 25, 2008, Judge John M. Torrance of the Circuit Court of Jackson County, Missouri, entered an order certifying a plaintiff class, which was defined as "All individuals who, on or after October 31, 1994, obtained a 'Second Mortgage Loan' as defined by § 408.231.1 RSMo, from Bann-Cor Mortgage, secured by real property located in Missouri." Doc. No. 47, Ex. 2, p. 19.[4]  Additionally, on May 9, 2009, plaintiffs obtained a grant of partial summary judgment on certain liability issues against Bann-Cor (among others).  See Doc. No. 95, Exs. 2 and 3.

On May 11, 2009, plaintiffs filed a motion for preliminary approval of class action settlement as to the claims of certain plaintiffs against defendants Wachovia Equity Servicing, LLC and The Money Store, LLC.  See Doc. No. 1, Ex. 2.  The state court entered final approval of the settlement by order dated July 6, 2009.  See Doc. No. 1, Ex.  9.

On September 21, 2010, plaintiffs requested leave to file a Sixth Amended Petition to, in their words, "substitute a number of mortgage finance businesses for the previously named 'Doe Defendants,' and members of the previously alleged Defendant Class."  Doc. No. 1, Ex. 5, p. 1.   Plaintiffs asserted that "Most of these Defendant Assignees were previously named as Defendants in this lawsuit and/or the companion lawsuit, Case No.

---

[4]It is apparent from the Order granting class certification that there are at least 174 individuals who have entered into transactions with Bann-Cor similar to those that gave rise to plaintiffs' claims, and that some 52 of these loans were acquired by defendants The Money Store, LLC f/k/a The Money Store, Inc. and Wachovia Equity Servicing Corporation, LLC, as successor to Homeq Servicing Corporation.  See Doc. No. 47, Ex. 2, p. 17.

03-CV-224-614, but were dismissed by the Court without prejudice." Id. at p. 2. The plaintiffs also asserted that the defendants remaining in the lawsuit (Bann-Cor, Master Financial, Inc.; Master Financial Asset Securitization Trust 1997-1; Master Financial Asset Securitization Trust 1998-1; and Master Financial Asset Securitization Trust 1998-2) are, "to the best of Plaintiffs' knowledge, defunct and out of business, unrepresented by counsel, and repeatedly unresponsive to numerous prior communications from the Court and Counsel." Id. at p. 1. The state court granted leave to file the Sixth Amended Petition on September 22, 2010.

The Sixth Amended Petition added as a named plaintiff Terry M. Lovett (f/k/a Terry M. Brooks). Plaintiffs also named the following defendants, besides the ones listed in the Fifth Amended Petition: US Bank, NA; US Bank, NA N.D.; Wilmington Trust Company; Firstplus Home Loan Owner Trusts 1997-1, 1997-2, 1997-3, 1997-4, 1998-1, 1998-2, 1998-3, 1998-4, and 1998-5; Empire Funding Home Loan Owner Trusts 1997-1, 1997-2, 1997-3, 1997-4, 1998-1, 1998-2, 1998-3, and 1999-1; Countrywide Home Loans, Inc.; Countrywide Home Loan Trust 2001-HLV1; Cityscape Home Loan Owner Trusts 1997-2, 1997-3, and 1997-4; Cityscape Home Equity Loan Trusts Series 1997 B and 1997 C; US Bank Trust, N.A.; PSB Lending Corporation; PSB Lending Home Loan Owner Trusts 1997-3 and 1997-4; Residential Funding Company, LLC; GMAC Mortgage, LLC; J.P. Morgan Chase Bank, NA, individually and/or formerly or as successor to Banc One, NA and Chase Manhattan Bank; Home Loan Trust 1997-HI3; Amaximis Company, LLC; Amaximis Lending, LP; The Bank of New York Mellon Corporation (f/k/a The Bank of New York); Citimortgage, Inc.; Comstar Mortgage Corporation f/k/a Accubanc Mortgage Corp.; Franklin Credit Management Company; Ocwen Loan Servicing, LLC; Old Republic Financial Acceptance Corporation; Realtime Resolutions Inc.; Sovereign Bank; Wells Fargo Bank, N.A., formerly and/or as successor to Norwest Bank Minnesota, NA, First Union National Bank and/or First Union Trust Company; and Does 47 - 100.

6

On October 22, 2010, defendant Wells Fargo removed the action pursuant to the Class Action Fairness Act ("CAFA"), arguing that the Sixth Amended Petition commenced a new action against it in 2010. Defendant Wells Fargo indicates that at no time prior to September 23, 2010 did it have actual or constructive notice of any claims concerning any loan made by Bann-Cor on behalf of any of the plaintiffs or putative class members. Numerous other parties joined in Wells Fargo's removal, including Sovereign Bank, Franklin Credit Management Company, Cityscape Home Equity Loan Trust Series 1997 B, Cityscape Home Equity Loan Trust Series 1997 C, U.S. Bank National Association in its capacity as trustee of the Cityscape Home Equity Loan Trusts Series 1997 B and 1997 C, U.S. Bank National Association in its capacities as indenture and co-owner trustee of the defendant FirstPlus and Empire Trusts, and U.S. Bank National Association in its individual capacity. Plaintiffs have moved to remand, arguing that the action should be considered "commenced" as of October 31, 2000, the date of the filing of their original petition. The sole issue before the Court on the motion to remand is whether the Sixth Amended Petition commenced a new action, or whether instead the Sixth Amended Petition relates back to the October 2000 petition (which was filed before the enactment of CAFA).

## II.    Standard

Pursuant to 28 U.S.C. § 1332(d), a federal court has jurisdiction over a putative class action commenced after February 18, 2005 (the effective date of CAFA) where there is minimal diversity, the proposed class contains at least 100 members, and the amount in controversy is at least $5 million in the aggregate. See Plubell v. Merck & Co., 434 F.3d 1070, 1071 (8th Cir. 2006). Commencement of an action against any one defendant after February 18, 2005, is sufficient to establish CAFA removal jurisdiction. See Schorsch v. Hewlett Packard Co., 417 F.3d 748, 749 (7th Cir. 2005).

As the parties removing this action, defendants have the burden of establishing federal jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189

(1936); <u>Hatridge v. Aetna Casualty & Surety Co.</u>, 415 F.2d 809, 814 (8th Cir. 1969).

Moreover, all doubts about federal jurisdiction must be resolved in favor of remand. <u>See</u> <u>Transit Cas. Co. v. Certain Underwriters at Lloyd's of London</u>, 119 F.3d 619, 625 (8th Cir. 1997).

The Eighth Circuit has found that state law should be used to determine when a suit commences for purposes of CAFA. <u>See</u> <u>Plubell</u>, 434 F.3d at 1071. In Missouri, a civil action is commenced by filing a petition with the Court. <u>Id.</u> (citing Mo. R. Civ. P. 53.01). However, where an action has been amended, "[t]he issue becomes whether the amendment relates back or is instead a new action." <u>Id.</u>

> An amended pleading relates back to the date of the original petition "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." . . . . An amended pleading changing the *defendant* relates back if the preceding sentence is satisfied and the new defendant 1) has received notice of the suit so it will not be prejudiced in defending on the merits and 2) "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

<u>Plubell</u>, 434 F.3d at 1071-72; <u>see also</u> Mo. R. Civ. P. 55.33(c). Missouri Rule of Civil Procedure 55.33(c) is derived from Rule 15(c) of the federal rules, and the Missouri Supreme Court interprets Rule 55.33(c) to embody the following rationale: "'Rule 15(c) is based on the concept that a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation are intended to afford.'" <u>Plubell</u>, 434 F.3d at 1072 (quoting <u>Koerper & Co. v. Unitel Int'l, Inc.</u>, 739 S.W.2d 705, 706 (Mo. banc 1987)). Missouri law, however, does not follow federal law in one significant aspect; under Missouri law, a misnomer or mis-description is not considered to be a change in party, and such an instance is governed only by the first sentence of Rule 55.33(c) (whereas, under federal law, a misnomer is considered a change in defendant, prompting consideration of all parts of the rule). <u>See</u> <u>Watson v. E.W. Bliss Co.</u>, 704 S.W.2d

667, 670-71 (Mo. 1986).[5]  However, under Missouri law, relation back of a correction of a misnomer is allowed only "when it is clear the proper party received *notice*." Id. at 670 (emphasis added).

Relation back under Rule 55.33(c) "is inapplicable to the case in which a plaintiff seeks to add a party." Schultz v. Romanace, 906 S.W.2d 393, 395-96 (Mo. App. 1995). When new parties are added (instead of changed or substituted), there is no relation back even if the defendant "had notice of the claims before the statute ran or whether it would suffer prejudice by allowing relation-back." Goodkin v. 8212 Maryland Assoc. Ltd. P'ship, 80 S.W.3d 484, 489 (Mo. App. 2002).

## III.  Discussion

Plaintiffs do not dispute that there is minimal diversity, a putative class of over 100 members, or an amount in controversy more than $5 million in the aggregate.  Plaintiffs only challenge the date of commencement of this action.

### A.    Plaintiffs' Arguments in Support of Remand

Plaintiffs argue generally that the Sixth Amended Petition falls within Missouri's fictitious defendant rule, and therefore there was no "change" in defendants (arguing that the second part of rule 55.33(c), regarding notice and mistake, should not apply).[6]  Plaintiffs

---

[5]Wells Fargo argues in its response that plaintiffs are incorrect that Missouri law only requires courts in a true misnomer situation to apply the first part of Rule 55.33 to invoke the relation-back principle (and not require a demonstration of notice and prejudice).  However, it is clear from Watson v. E.W. Bliss Co. that Wells Fargo's position is incorrect.  This does not mean, however, that plaintiffs do not have to demonstrate some sort of notice to have relation-back in a misnomer situation.

[6]This Court agrees with defendant Sovereign, however, that plaintiffs' assertions that no "notice" is necessary is incongruous with plaintiffs' discussion at page 7 of their suggestions in support of their motion to remand that "[t]he Eighth Circuit's test's focus on notice and prejudice in Plubell for CAFA removals is essentially the same test under Missouri law for fictitious defendants."  See Sovereign's suggestions in opposition to motion to remand, Doc. No. 96, p. 4.  See also Watson, 704 S.W.2d at 670 (finding relation back as to correction of misnomer to be allowed only "when it is clear the proper party received notice.").

argue that the Doe allegations in their previous petitions were necessary because plaintiffs did not know the names of the purchasers, acquirers and subsequent assignees of the class members' loans. Plaintiffs assert that they merely substituted the names of previously-identified Doe defendants. As noted by plaintiffs, an amended petition replacing Doe entities with specific named defendants relates back to the original filing if the Doe allegations "adequately informed the defendants at the outset who was the real person conditionally designated by the fictitious name." Brake v. Reser's Fine Foods, Inc., 2009 WL 2382361, at *2 (E.D. Mo. 2009) (citations omitted). See also Thompson v. Brown & Williamson Tobacco Corp., 207 S.W.3d 76, 116 (Mo. App. W.D. 2006)(finding that Rule 55.33 should be "liberally applied, and is based on the concept of whether a defendant has been given notice sufficient to defend against claims relating to a particular transaction or occurrence.").[7]

Plaintiffs further argue that even if this Court considered the Sixth Amended Petition had changed a party against whom a claim is asserted, Rule 55.33(c) would still mandate relation back because (1) all of the defendants named in the Sixth Amended Petition had notice of the lawsuit when it was filed, and (2) none of the defendants named in the Sixth Amended Petition can demonstrated that they would be prejudiced by the amended

_____

[7]Plaintiffs further filed a notice of supplemental authority (Doc. No. 61), noting that by Order dated December 2, 2010, Judge Wright granted a similar motion to remand in Hall v. American West Financial, Case No. 10-0369-CV-W-SOW, finding that substituting the real name of a defendant for a "John Doe" does not constitute the addition of a party to the action, and further finding that the original petition in that matter "adequately informs removing defendants they were the entities designated by DOES 1-25," thus providing sufficient notice to removing defendants that they were the entities against whom claims were made. See Doc. No. 61, Ex. 1, pp. 8-9. However, Wells Fargo argues, and this Court agrees, that Hall is distinguishable on its facts. In Hall, Judge Wright found that the removing defendants had constructive notice of the original lawsuit. See Hall, Doc. No. 61, Ex. 1, at 10. Additionally, Judge Wright noted that "Defendants do not contend that they did not receive notice of the action or that they will be prejudiced." Hall, Doc. No. 61, Ex. 1, at 9.

pleading.[8]

 With respect to notice, plaintiffs argue first that the Doe and defendant class allegations in the original petition adequately identified the parties plaintiffs intended to substitute for the Does, and "Once Plaintiffs served their original petition on the defendants, they were adequately informed and had 'notice' of this litigation such that the petition relates back under Mo. Rule 55.33."[9]  Second, plaintiffs argue that they commenced this action against Bann-Cor Mortgage prior to CAFA's effective date, and that the derivatively liable defendants cannot claim a different commencement date by virtue of the law of this case and the operation of provisions of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1641(d) (arguing that under HOEPA, assignees of the loans "are subject to all claims and defenses under any law that a borrower could have asserted against the original lender," Schwartz v. Bann-Cor Mortg., 197 S.W.3d 168, 178-79 (Mo. App. W.D. 2006)). Plaintiffs thus argue that by commencing a petition against Bann-Cor in 2000, plaintiffs also commenced at that time a petition against all of Bann-Cor's derivatively liable assignees.  Third, plaintiffs argue that the contracts by which defendants acquired the class members' loans will show that Bann-Cor had a contractual duty to notify the purchasers of its loans of this lawsuit, noting that in a sale and purchase agreement between Bann-Cor and earlier-named defendant TMS Mortgage, Inc. d/b/a "The Money Store," Bann-Cor represented "There are no proceedings or investigations pending or threatened . . . [which] would adversely affect the sale of Loans, the execution, delivery and

---

 [8]Although the last part of Rule 55.33(c) requires a demonstration that the party sought to be brought in "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party," plaintiffs do not even address this factor in their suggestions in support of their motion to remand.

 [9]Plaintiffs do not specify which defendants received service of the original petition and when, so it is unclear how the original petition could serve as notice to defendants added or substituted at a later date.

enforceability of this Agreement, or which would have a materially adverse effect on the financial condition of seller." Doc. No. 47, Ex. 4, § 2.2(g).[10] Plaintiff suggest that this factual showing establishes that a disputed fact question regarding notice exists, thus giving "doubt" concerning the Court's jurisdiction, and any doubt should be resolved in favor of remand.

With regard to prejudice, plaintiffs argue there is none because (1) the MSMLA claims in this lawsuit have remained the same since 2000; and (2) defendants knew[11] the identities of all the Doe defendants and defendant class members, and should have been aware that plaintiffs intended to assert claims against them in this suit.

B.    Defendants' Arguments in Opposition to Plaintiffs' Motion to Remand

The various removing defendants oppose the motion to remand for a variety of reasons, so the Court will consider each of the defendants' oppositions separately. In particular, the Court will analyze the issue of commencement of the lawsuit in regards to each group of parties opposing remand because as long as the removal was proper as to any one defendant, this lawsuit should remain in federal court.

1.    Joining Removing Defendants

With respect to defendants Cityscape Home Equity Loan Trust Series 1997 B, Cityscape Home Equity Loan Trust Series 1997 C, U.S. Bank National Association in its capacity as trustee of the Cityscape Home Equity Loan Trust Series 1997 B and 1997 C, U.S. Bank National Association in its capacities as indenture and co-owner trustee and of the defendant FirstPlus and Empire Trusts, and U.S. Bank National Association in its individual capacity (hereafter "Joining Removing Defendants"), they claim that plaintiffs could not have "substituted" them for existing Doe defendants because their identity was

_____

[10]Of course, just because Bann-Cor may have had a contractual duty to notify subsequent purchasers of this lawsuit does not mean that Bann-Cor actually did so.

[11]Again, plaintiffs do not specify which defendants "knew" the identities of the Doe defendants, and how that knowledge could be imputed on unrelated entities.

known by plaintiffs long ago.  In particular, Joining Removing Defendants indicate that the fictitious defendant rule is not implicated here because they had been named as defendants in the original and second amended petitions before being voluntarily dismissed from the action in 2002.[12]  Joining Removing Defendants argue that this factual scenario constitutes an <u>addition</u> of defendants, therefore, and not a <u>substitution</u> for existing Doe defendants.  <u>See</u> <u>Windscheffel v. Benoit</u>, 646 S.W.2d 354, 356-57 (Mo. 1983) (finding that, "for the Rule to apply, plaintiff must have made a mistake in selecting the proper party to sue").  In particular, under Missouri law, the fictitious defendant rule is limited to situations where plaintiff did not know the name of the Doe defendant at the time of the filing of the petition.  <u>See</u> <u>Maddux v. Gardner</u>, 192 S.W.2d 14, 18 (Mo. App. 1945).  Here, plaintiffs obviously knew the name of U.S. Bank National Association from the date of inception of this action.

Joining Removing Defendants note that Rule 55.33(c) applies only to amendments that change the party against whom a claim is asserted; it does not apply to cases where plaintiff seeks to add a party.  <u>Shroyer v. McCarthy</u>, 769 S.W.2d 156, 158-59 (Mo. App. 1989).  In addition, Missouri courts have found that Rule 55.33(c) is a remedy for a mistake in identity, and where plaintiff has made no such mistake, the rule is inapplicable.  <u>See</u> <u>Windscheffel</u>, 646 S.W.2d at 357; <u>see also</u> <u>Tyson v. Dixon</u>, 859 S.W.2d 758, 763 (Mo. Ct. App. 1993)(finding "Rule 55.33(c) was not designed to afford protection to a plaintiff who had notice of the *identity* and *potential liability* of the proper party defendant before the statute of limitations expired, yet failed to timely bring the party into the action."); <u>State ex</u>

---

[12]U.S. Bank National Association was named in the original petition filed on October 31, 2000.  Doc. No. 47, Ex. 1.  The First Amended Petition filed in December 2000 omitted U.S. Bank National Association; however, the Second Amended Petition, filed in May 2002, named U.S. Bank National Association, Cityscape Home Equity Loan Trust Series 1997 B, and Cityscape Home Equity Loan Trust Series 1997 C.  Claims against all of these defendants were dismissed without prejudice between July and September 2002.  <u>See</u> Doc. No. 4, ¶¶ 2, 5.

rel. Hilker v. Sweeney, 877 S.W.2d 624, 628 (Mo. 1994) (finding that Rule 55.33(c) should not apply in a case where plaintiffs knew the identity of proposed defendants prior to the expiration of statute of limitations (as they had been named as third-party defendants), but failed to add them until after the statute of limitations had passed, finding there was no mistake in identifying a party defendant, regardless of lack of prejudice to proposed defendants); Smith v. Overhead Door Corp., 859 S.W.2d 151, 153 (Mo. App. 1993) (finding that where there was no mistake in the identity of the parties, but instead a tactical change in parties and legal theories, relation back did not apply, regardless of whether defendants were prejudiced or lacked notice).

Joining Removing Defendants further note that federal courts confronting the issue of previously-dismissed defendants being renamed in the context of Fed. R. Civ. P. 15(c) have found that an amended pleading renaming the defendants is not due to a "mistake in identity," foreclosing relation-back. See Singh v. Life Ins. of Am., No. C 08-1353, 2010 WL 3515755, at *6 (N.D. Cal. Sept. 8, 2010); Nite & Day Power Technologies v. Corporate Capital Resources, Inc., No. CV-89-20298, 1995 WL 7942, at *5 (N.D. Cal. Jan. 5, 1995); Wandrey v. Service Business Forms, Inc., 762 F.Supp. 299, 302-03 (D. Kan. 1991). Additionally, the United States Supreme Court recently found that "making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity." Krupski v. Costa Crociere S.P.A., ___ U.S. ___, 130 S.Ct. 2485, 2494 (2010).

In reply, plaintiffs argue that there was no change in parties or legal strategy, as this was a "textbook" application of the "fictitious defendant" rule, and all of the new parties were substituted for previously-named Doe defendants. Even assuming that the claims asserted against the removing defendants arise out of the conduct, transaction or occurrence set forth in the original pleading, the Court is not convinced that relation back should be applied

14

in this matter. In particular, the Court cannot find that the Joining Removing Defendants should be considered "Doe" defendants, in that plaintiffs were obviously aware of their identity at (or near) the inception of this lawsuit, and those defendants were dismissed from this matter without prejudice in 2002. This is not a "misnomer" situation by any stretch of the imagination; instead, it is clear that plaintiffs were aware of the identities of these defendants, made a choice to dismiss them from the lawsuit, and then made another choice over eight years later to re-assert claims against them.

Although plaintiffs argue that the Joining Removing Defendants had notice of this action prior to the date of CAFA and thus the Sixth Amended Petition should relate back, the law is not on plaintiffs' side. Plaintiffs argue that subsequent procedural events do not change the time of commencement, citing <u>Ostermueller v. Potter</u>, 868 S.W.2d 110, 111 (Mo. Banc 1993); however, <u>Ostermueller</u> involved a case where plaintiffs had dismissed their action without prejudice and then re-filed the case within one year (pursuant to Missouri's savings statute, RSMo § 516.230), and the Missouri court found such claims should relate back for statute of limitations purposes. This is the obvious result in such a situation; of course a case re-filed within the period prescribed by the savings statute should be considered commenced for purposes of the statute of limitations as of the time of the filing of the first action. Missouri's savings statute, however, is not implicated on the facts of the present case.

Further, even if the Court were to apply Rule 55.33(c) to the claims against the Joining Removing Defendants, plaintiffs do not even analyze whether defendants knew or should have known that, but for a "mistake" concerning their identity, the action would have been brought against them. It is impossible to find that there was a mistake concerning identity of Joining Removing Defendants when plaintiffs asserted the exact same claims against these parties as long as ten years ago. The Sixth Amended Petition should be considered "commenced" as to Joining Removing Defendants on September 22, 2010.

Thus, removal is proper under CAFA as to Joining Removing Defendants.

2. Wells Fargo

Defendant Wells Fargo indicates that it was added as a new defendant, not merely substituted for an existing Doe defendant. Wells Fargo argues that it should be considered <u>added</u> rather than <u>substituted</u> because: (1) the original petition does not adequately inform the defendant at the outset who is the real person conditionally designated by the fictitious name (<u>see</u> <u>Brake v. Reser's Fine Foods, Inc.</u>, No. 4:08-cv-1879, 2009 WL 2382361, at *2 (E.D. Mo. July 30, 2009)), in that Does 1-25 were identified as "individual business trusts or mortgage pools organized under various state laws," (<u>see</u> Doc. No. 47, Ex. 1, ¶ 7) and that Wells Fargo, a national bank, is none of these things; and (2) plaintiffs did not delete any of the fictitious names in any of their various amended pleadings (and, in fact, added defendants Doe 47-100 in their Sixth Amended Petition), indicating that plaintiffs were adding new parties, not substituting parties for existing Doe defendants (<u>see</u> <u>Schultz v. Romanace</u>, 906 S.W.2d 393, 396 (Mo. App. 1995)). Defendant Wells Fargo argues this demonstrates that plaintiffs are simply using the Doe designation as a placeholder for whatever additional parties plaintiffs come across.

The Court finds Wells Fargo's arguments on this point quite persuasive. The description in the petition is inadequate to put Wells Fargo on notice that claims against it were being made, as Wells Fargo does not fit the description of the Doe defendants given in the original and subsequent petitions. In addition, plaintiffs' argument that the defendant class descriptions were sufficient to cover the defendants added in 2010 rings hollow, as in the over ten years this case has been pending, plaintiffs have not sought to certify a defendant class. The ever-evolving list of defendants named in plaintiffs' six prior petitions, without a change in the number of Doe defendants, also supports defendant's position, and the Court finds the facts of this case to be much more like <u>Schultz</u> than <u>Brake.</u>

If the Court were to consider the naming of Wells Fargo to be a "change" in

defendants (rather than an addition or a substitution), plaintiffs' claims that the action commenced in 2000 rather than 2010 also would fail. Even if the Court assumes that the claims asserted in the Sixth Amended Petition arise out of the same conduct, transaction or occurrence as in the original petition, the remaining elements of Rule 55.33(c) are not met. Wells Fargo argues that it received no notice of plaintiffs' original petition. Wells Fargo notes that plaintiffs do not allege that Wells Fargo received actual notice of the original or subsequent petitions; instead, plaintiffs assert that defendants received constructive notice through HOEPA and/or through Bann-Cor's purported contractual duties to notify alleged assignees. The Missouri Supreme Court has held that "notice sufficient to come within the provisions of Rule 55.33(c)(1) exists when the party actually sued and the party whom plaintiff meant to sue had a sufficient identity of interest or were so closely connected that notice to one would suffice to inform the other of a pending claim for relief." Beatty v. Metropolitan St. Louis Sewer Dist., 700 S.W.2d 831, 836-37 (Mo. 1985). There is no indication that Wells Fargo has sufficient identity of interest with any of the previous defendants to have been informed of plaintiff's claims; certainly plaintiffs do not argue that such identity of interest exists. Additionally, the Court concurs with defendant Wells Fargo that the description of the Doe defendants contained in the original petition is insufficient by itself to provide notice to the parties that were not named until 2010; parties such as Wells Fargo are under no obligation to scour state court records for MSMLA cases where they are not a named party, and then guess as to whether plaintiffs might name them in the future. Further, this Court concurs with Judge Smith's opinion in Gilmor v. Perferred Credit Corp., No. 10-0189-CV-W-ODS, 2011 WL 111238, at * 8, n. 9 (Jan. 13, 2011) that Schwartz v. Bann-Cor Mortg., 197 S.W.3d at 178-79 and its interpretation of HOEPA, does not stand for the proposition that just because claims against Bann-Cor were timely commenced means that claims against defendants named 10 years after the filing of the original petition (and perhaps 15 years after the loans were originated) were timely

commenced.[13]  Additionally, the Court agrees with Wells Fargo that just because Bann-Cor supposedly had contractual duties to notify assignees of this lawsuit does not mean that Bann-Cor actually provided such notice.

Additionally, this Court finds that defendants first named in the Sixth Amended Petition would be prejudiced if it were found to relate back to the original petition.  As discussed above, the original petition was filed over ten years ago, and relates to loans which were made as long as fifteen years ago.  The Jackson County Circuit Court certified a plaintiff class in this case in 2008, and granted partial summary judgment in plaintiffs' favor in 2009 (against Bann-Cor, the loan originator, among others).  In addition, Bann-Cor became financially insolvent at some time in the ten years this matter was pending in state court, and apparently ceased defending the lawsuit.  Wells Fargo argues that it had no opportunity to protect its rights in the ten years that this case had already been proceeding, had no opportunity to cross-examine Bann-Cor before its dissolution, and had no opportunity to contest class certification or plaintiffs' motion for partial summary judgment.

Finally, Wells Fargo asserts that there is no indication that it knew or should have known that, but for a mistake concerning the identity of the parties, the action would have been brought against Wells Fargo.  Instead, Wells Fargo surmises that plaintiffs' joinder of it and over forty other new defendants reflects a change in strategy.  Although plaintiffs argue that the Sixth Amended Petition does not represent a change in strategy, that assertion is belied by the record, particularly in relation to previously named and dismissed defendants who have been joined in the Sixth Amended Petition.

---

[13]This Court agrees with defendant Sovereign that the <u>Schwartz</u> case did not hold that the limitations period as to unnamed purchasers would be tolled by the suit against Bann-Cor or that the later joinder of such purchasers would relate back to the date that Bann-Cor was sued.  Instead, <u>Schwartz</u> merely held that the claims against Bann-Cor would be governed by a six-year statute of limitations, and that the claims against Bann-Cor's assignees would also be subject to a six-year limitations period.  <u>See</u> Doc. No. 96, p. 8.

Finally, even if the Court considered Wells Fargo to have been "substituted" for a Doe defendant (not added or changed), plaintiffs have not met the requirements of Rule 55.33(c) for relation back. Even if the claims and defenses asserted in the amended pleading arose out of the same conduct as in the original petition (which this Court will assume without deciding), there is no indication that defendant Wells Fargo received notice sufficient to trigger Missouri's fictitious defendant rule. This Court agrees that the adequacy of the description in the original petition is not sufficient to trigger the fictitious defendant rule. Instead, there has to be <u>notice</u>. Plaintiffs argue that defendants here received as much, or more, notice as others in cases where sufficient notice under the rules was found. Plaintiffs try to demonstrate that the employer-employee relationships in those cases[14] are not distinguishable from the relationships between Bann-Cor and the intermediary assignees of the class members' loans. However, this Court finds the employer-employee relationship to be different than the relationship between unrelated corporations engaging in business transactions. Although plaintiffs argue that defendants had notice as a result of their contractual agreements, there is no indication that the representation and warranty provisions in Bann-Cor's loan purchase and sale agreements would place a purchaser on notice of this lawsuit. Further, the Court (as mentioned previously) will not extend HOEPA to impute "notice" to downstream assignees of loans.

Therefore, for all the above mentioned reasons, the Sixth Amended Petition should be considered "commenced" as to Wells Fargo on September 22, 2010. Thus, removal is proper under CAFA as to Wells Fargo.

        C.     Sovereign Bank

Sovereign Bank ("Sovereign") filed a joinder in the removal (Doc. No. 7), noting that at no time prior to September 23, 2010 had it received notice by way of summons,

---

[14]<u>Maddux v. Gardner</u>, 192 S.W.2d 14 (Mo. App. 1945); <u>Brake v. Reser's Fine Foods, Inc.</u>, 2009 WL 2382361 (E.D. Mo. 2009); and <u>Smith v. Lewis</u>, 669 S.W.2d 558 (Mo. App. 1983).

complaint or petition of plaintiffs' claims regarding loans made by Bann-Cor.[15]  Sovereign further notes that it is not a subsidiary or parent corporation of, or an affiliate of, any other defendant named in the Sixth Amended Petition.  See Doc. No. 7, Ex. 4 (Declaration of William H. Schwartz, Compliance Officer for Sovereign Bank).  Sovereign asserts that this lack of connection with any previously-named defendant demonstrates that Sovereign could not be deemed to have "constructive notice" of this action.  Sovereign indicates in its opposition to plaintiff's motion to remand that plaintiffs' defendant class allegations are irrelevant to establish notice because plaintiffs' have not yet pursued certification of a defendant class in the over ten years this suit has been pending.

Sovereign also argues that, given its lack of relationship or involvement with other, previously-named defendants, plaintiffs' arguments about the adequacy of the description of the Doe defendants misses the mark, as Sovereign could not have expected or understood that it would be named as a defendant in this action.  This Court agrees with Sovereign; without some sort of notice (actual, constructive, or implied), there is no basis for Sovereign to have known that there was a possibility of a claim against it based on some Doe allegations in a ten-year-old state court case (particularly where, as here, the Doe allegations identify the defendants as "individual business trusts" or "mortgage pools" organized under state laws, and Sovereign is none of these).

Therefore, for all the above-mentioned reasons as well as the reasons discussed above in relation to defendant Wells Fargo, the Sixth Amended Petition should be considered "commenced" as to Sovereign on September 22, 2010.  Thus, removal is proper under CAFA as to Sovereign.

D.    Franklin Credit Management Corporation

Defendant Franklin Credit Management Corporation ("Franklin") also has filed a

_____

[15]Sovereign further notes in its opposition to plaintiffs' motion to remand that plaintiffs have provided no evidence to the contrary.  See Doc. No. 96, p. 2.

joinder in Wells Fargo's suggestions in opposition to plaintiffs' motion to remand (Doc. No. 102), noting that it first received notice of the underlying lawsuit when it received a subpoena from Plaintiffs' counsel on August 21, 2009. <u>See</u> Doc. No. 102, Ex. 1. Franklin indicates that plaintiffs had the opportunity and ability to ascertain its identity through discovery of Bann-Cor in the eight years prior to its dissolution, and there is no just reason for plaintiffs' delay in naming Franklin as a party.

Again, for all the above-mentioned reasons as well as the reasons discussed above in relation to defendant Wells Fargo, the Sixth Amended Petition should be considered "commenced" as to Franklin on September 22, 2010. Thus, removal is proper under CAFA as to Franklin.

## IV.     Conclusion

Therefore, for the foregoing reasons, plaintiffs' Motion to Remand (Doc. No. 46) will be **DENIED**.

**IT IS SO ORDERED.**

Dated: 04/18/11                              /s/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri                        Fernando J. Gaitan, Jr.
                                             Chief United States District Judge