**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

JAMES G. WONG, DANIEL R. AND           )
WANDA D. JENSEN, TERRY M.               )
LOVETT (f/k/a TERRY M. BROOKS),         )
BRADLEY AND PAULA BEAL,                 )
ALFRED CELIA, VICKI MUSGRAVE,           )
PATRICK AND NATALIE NASI,               )
DAVID AND STACY PLOCEK, and             )
TERRY AND LESA RAPAICH,                 )
individually and on behalf of all those  )
similarly situated,                     )
        Plaintiffs,                        )
v.                                      )  No.  10-1038-CV-W-FJG
                                        )
BANN-COR MORTGAGE, et al.,              )
        Defendants.                        )

# ORDER

Pending before the Court are (1) Defendant Franklin Credit Management Corporation's Motion to Dismiss Plaintiffs' Seventh Amended Complaint (Doc. No. 351); (2) Moving Defendants'[1] Motion to Dismiss Plaintiffs' Seventh Amended Complaint (Doc. No. 353); (3) Motion to Dismiss and Suggestions in Support of Defendant JPMorgan Chase Bank, N.A. as Successor by Merger to Bank One, N.A., Based upon the Expiration of the Statute of Limitations (Doc. No. 355); (4) Motion to Dismiss and Suggestions in Support of Defendant PSB Lending Corp., Based upon the Expiration of the Statute of Limitations (Doc. No. 356); (5) the PSB 1997-3 Trust's Motion to Dismiss Plaintiffs' Seventh Amended Complaint (Doc. No. 357); (6) Real Time Resolutions, Inc.'s and Old Republic Financial Acceptance Corporation's Motion to Dismiss Plaintiffs' Seventh Amended Complaint (Doc. No. 359); (7) CitiMortgage, Inc.'s Joinder in Motion to Dismiss for Lack of Standing or, in

---

[1]"Moving Defendants" include Wells Fargo Bank, N.A., in its individual capacity ("Wells Fargo"), Wells Fargo Bank, N.A. as trustee of the Countrywide Home Loan Trust 2001-HLV1 ("Countrywide Trust"), and Wells Fargo Bank, N.A. as trustee of the PSB Lending Home Loan Owner Trust 1997-4 ("PSB 1997-4 Trust").

the Alternative, Motion for More Definite Statement and Suggestions in Support of Motion (Doc. No. 361); and (8) Defendant CitiMortgage, Inc.'s Joinder in Motion to Dismiss Seventh Amended Complaint (Doc. No. 362).

The Court also considers plaintiffs' (1) Omnibus Suggestions in Opposition to Motions to Dismiss the Seventh Amended Complaint for Failure to State a Claim (Doc. No. 376); (2) Omnibus Suggestions in Opposition for Lack of Standing (Doc. No. 377); and (3) Omnibus Suggestions in Opposition to Motions to Dismiss Seventh Amended Complaint on Limitations Grounds (Doc. No. 378). The Court also considers the various defendants' reply suggestions (Doc. Nos. 381, 382, 383, 384, 385, 386, 387, and 388). So that the issues may be considered more efficiently, the Court will organize its discussion of the pending motions into the three issues identified by plaintiffs: (1) standing, (2) statute of limitations, and (3) failure to state a claim.

## I.    Background

Plaintiffs John and Jeannette Schwartz and James G. Wong filed their original petition in this matter on October 31, 2000. <u>See</u> Doc. No. 47, Ex. 1.[2] The original petition brought claims under the Missouri Second Mortgage Loan Act ("MSMLA"), RSMo. §§ 408.231 <u>et seq.</u>, alleging certain subordinate lien loans originated by Bann-Cor Mortgage ("Bann-Cor") and secured by Missouri real estate violate the MSMLA. Plaintiffs allege that Bann-Cor violated the MSMLA, § 408.233.1, in the course of making its Missouri loans by "charg[ing], contract[ing] for and/or receiv[ing]" loan origination fees in excess of the applicable statutory cap, in addition to charging a number of other fees that the MSMLA, § 408.233.1, prohibited. (Doc. No. 344, ¶¶ 135-136). Named plaintiffs assert they were charged illegal fees that were wrapped up into their loan principal for the loans they entered into, using their Missouri residences for collateral. Plaintiffs assert these loans were then

---

[2]The Schwartz plaintiffs settled their claims against certain defendants in 2009, and are no longer parties to the case. <u>See</u> Doc. No. 1, p. 3, n. 1.

sold or assigned to other entities.

Plaintiffs are suing (1) Bann-Cor, the originating lender (and the lender in common for all the second mortgage loans at issue in this case); and (2) all of Bann-Cor's "downstream" assignees which purchased the loans on the "secondary market" from Bann-Cor, or an intervening assignee, after Bann-Cor made the loans. Plaintiffs seek to recover all of the interest paid in connection with the loans and damages for the losses resulting from the violations of the MSMLA pursuant to RSMo. § 408.236 and/or § 408.562.

On March 25, 2008, Judge John M. Torrance of the Circuit Court of Jackson County, Missouri, entered an order certifying a plaintiff class, which was defined as "All individuals who, on or after October 31, 1994, obtained a 'Second Mortgage Loan' as defined by § 408.231.1 RSMo, from Bann-Cor Mortgage, secured by real property located in Missouri." Doc. No. 47, Ex. 2, p. 19.[3] Additionally, on May 9, 2009, plaintiffs obtained a grant of partial summary judgment on certain liability issues against Bann-Cor (among others). See Doc. No. 95, Exs. 2 and 3.

On September 21, 2010, plaintiffs requested leave to file a Sixth Amended Petition, which was granted on September 22, 2010. The Sixth Amended Petition added as a named plaintiff Terry M. Lovett (f/k/a Terry M. Brooks). Plaintiffs also named the following defendants, besides the ones listed in the Fifth Amended Petition: US Bank, NA; US Bank, NA N.D.; Wilmington Trust Company; Firstplus Home Loan Owner Trusts 1997-1, 1997-2, 1997-3, 1997-4, 1998-1, 1998-2, 1998-3, 1998-4, and 1998-5; Empire Funding Home Loan Owner Trusts 1997-1, 1997-2, 1997-3, 1997-4, 1998-1, 1998-2, 1998-3, and 1999-1; Countrywide Home Loans, Inc.; Countrywide Home Loan Trust 2001-HLV1; Cityscape Home Loan Owner Trusts 1997-2, 1997-3, and 1997-4; Cityscape Home Equity Loan

---

[3]At the time of class certification, it appears the only named defendants were Bann-Cor Mortgage, the Money Store, LLC f/k/a/The Money Store Inc., Wachovia Equity Servicing Corp., LLC, as successor to HomEqServicing Corp., Master Financial, and Master Financial Asset Securitization Trusts 1997-1, 1998-1, and 1998-2. See Doc. No. 47, Ex. 2.

Trusts Series 1997 B and 1997 C; US Bank Trust, N.A.[4]; PSB Lending Corporation; PSB Lending Home Loan Owner Trusts 1997-3 and 1997-4; Residential Funding Company, LLC; GMAC Mortgage, LLC; J.P. Morgan Chase Bank, NA, individually and/or formerly or as successor to Banc One, NA and Chase Manhattan Bank; Home Loan Trust 1997-HI3; Amaximis Company, LLC; Amaximis Lending, LP; The Bank of New York Mellon Corporation (f/k/a The Bank of New York); CitiMortgage, Inc.; Comstar Mortgage Corporation f/k/a Accubanc Mortgage Corp.; Franklin Credit Management Company; Ocwen Loan Servicing, LLC; Old Republic Financial Acceptance Corporation; Realtime Resolutions Inc.; Sovereign Bank; Wells Fargo Bank, N.A., formerly and/or as successor to Norwest Bank Minnesota, NA, First Union National Bank and/or First Union Trust Company; and Does 47 - 100.

On October 22, 2010, defendant Wells Fargo removed the action pursuant to the Class Action Fairness Act ("CAFA"). On April 18, 2011, the Court denied plaintiff's motion to remand. See Order, Doc. No. 269. Thereafter, on June 9, 2011, the Court entered its Order (1) denying various parties' motions to dismiss for lack of personal jurisdiction, (2) denying various parties' motions to dismiss for lack of standing but directing plaintiffs to file an amended complaint designating additional class representatives, (3) denying defendant Sovereign Bank's motion to dismiss due to HOLA preemption, (4) denying without prejudice U.S. Bank National Association's motion to dismiss plaintiffs' complaint due to its generic/conclusory allegations, and (5) granting defendant Chase's motion for more definite statement and directing plaintiffs to file an amended complaint setting out their theory of the case as to each defendant. Order, Doc. No. 311.

On June 24, 2011, plaintiffs and various defendants[5], filed a joint motion to stay the

---

[4]This defendant is not named in the Seventh Amended Complaint. See Doc. No. 344.

[5]The defendants who reported they had settled the case on June 24, 2011 are: U.S. Bank National Association in its individual and trustee capacities as enumerated in

4

case as to the claims against those named defendants only, indicating that they had reached a settlement. See Doc. No. 316. The Court granted the motion to stay (see Doc. No. 325), and the case remains stayed as to these defendants.

On November 22, 2011, plaintiffs and defendant Sovereign Bank filed a joint motion to stay, indicating that they had reached a settlement. See Doc. No. 371. The Court granted the motion to stay (see Doc. No. 373), and the case remains stayed as to defendant Sovereign Bank.

On May 14, 2012, defendants Residential Funding Company, LLC and GMAC Mortgage, LLC filed a Notice of Bankruptcy and Effect of Automatic Stay (Doc. No. 392). On June 5, 2012, the Court entered its order staying the matter as to defendants Residential Funding Company, LLC and GMAC Mortgage, LLC. Doc. No. 393.

On September 2, 2011, plaintiffs filed their motion for leave to file Seventh Amended Complaint (Doc. No. 341), purportedly clarifying their claims against the defendants named in the Sixth Amended Petition. On October 4, 2011, the Court granted the motion. Plaintiffs filed their Seventh Amended Complaint (Doc. No. 344) on October 6, 2011. Now pending are various defendants' motions to dismiss.

## II.  Motions to Dismiss the Seventh Amended Complaint for Lack of Standing (Doc. Nos. 353, 361)

Defendants Wells Fargo Bank, N.A., in its individual capacity ("Wells Fargo"), Wells Fargo Bank, N.A. as trustee of the Countrywide Home Loan Trust 2001-HLV1 ("Countrywide Trust") and Wells Fargo Bank, N.A. as trustee of the PSB Lending Home Loan Owner Trust 1997-4 ("PSB 1997-4 Trust") move to dismiss for lack of standing (Doc.

---

the Sixth Amended Petition; U.S. Bank National Association ND; Wilmington Trust Company in its individual and trustee capacities as enumerated in the Sixth Amended Petition; Cityscape Home Equity Loan Trust Series 1997-B and 1997-C; FirstPlus Home Loan Owner Trusts 1997-1, 1997-2, 1997-3, 1997-4, 1998-1, 1998-2, 1998-3, 1998-4, and 1998-5; Empire Funding Home Loan Owner Trusts 1997-1, 1997-2, 1997-3, 1997-4, 1998-1, 1998-2, 1998-3, and 1999-1; and Cityscape Home Loan Owner Trusts 1997-2, 1997-3, and 1997-4.

5

No. 353).  Defendant CitiMortgage, Inc. ("CitiMortgage"), joins in this motion (see Joinder, Doc. No. 361).

These defendants note that although plaintiffs have filed eight versions of their complaint over the last eleven years, they still have not connected these defendants to a named plaintiff (or, even to a putative class member, in some instances).  The moving defendants assert that, although the Court directed plaintiffs to designated additional named class representatives in order to ensure the requirements of Article III and Rule 23 were met (see Order, Doc. No. 311, p. 13), plaintiffs have failed to designate named class representatives who have a connection with any of these defendants.

A.    Standard

To have Article III standing, plaintiffs must show (1) they have suffered an actual, concrete and particularized injury in fact; (2) there is a causal connection between the plaintiffs' injury and the particular defendant's alleged wrongful conduct; and (3) a likelihood that the named plaintiff's injury will be redressed by a favorable decision against the defendant.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Hodak v. City of St. Peters, 535 F.3d 899, 903 (8th Cir. 2008).

B.    Analysis

In the Seventh Amended Complaint, defendants argue there is no specific connection pled between them and a named plaintiff.

As to Wells Fargo in its individual capacity, it is quite difficult to determine from the Seventh Amended Complaint whether certain putative class members are connected to Wells Fargo "individually as the purchaser, assignee, owner, holder and servicer of Second Mortgage Loans," or whether the connection is through Wells Fargo serving as the trustee and paying agent for certain trusts; in paragraph 117, plaintiffs do not differentiate the capacity in which Wells Fargo has been sued to argue that it is connected to loans made to named plaintiffs David and Stacy Plocek, as well as other class members including Paula

6

and Leticia Stegner and Timothy Thomason.[6]

Further, as to the Countrywide Trust, plaintiffs allege that they have sued it "as a purchaser, assignee, owner, holder and servicer of one or more Second Mortgage Loans, having purchased, acquired and serviced . . . the Second Mortgage Loans from Bann-Cor . . . and which include, upon information and belief, one or more of the persons identified in paragraph 114 below. Doc. No. 344, ¶¶ 42 and 114. Paragraph 114 identifies numerous alleged members of the putative class,[7] but provides no indication as to the connection between the putative members of the class and specific defendants.

As to PSB Trust 1997-4, plaintiffs allege it "is being sued as a purchaser, assignee, owner, holder and servicer of one or more Second Mortgage Loans, having purchased, acquired, and serviced . . . more than 76 loans secured by residential real estate located in Missouri, . . . and which include, upon information and belief, one or more of the persons identified in paragraph 100 above." Doc. No. 344, ¶ 104. Paragraph 100 identifies four loans (two of which are to named plaintiffs), but does not indicate the connection between the PSB 1997-4 Trust and those individuals.

Defendant CitiMortgage notes that it is referred to only twice in the Seventh Amended Complaint, at paragraphs 25 and 26. Paragraph 25 provides CitiMortgage's place of business. Paragraph 26 states: "CitiMortgage is being sued as a purchaser, assignee owner, holder, and servicer of one or more Second Mortgage Loans, having purchased, acquired and serviced an as-yet undetermined number of Second Mortgage Loans from Bann-Cor or an intervening purchaser or assignee." Doc. No. 344, ¶ 26.

---

[6]It appears from the briefing that defendant Wells Fargo does not dispute that it is connected to the Plocek loan as trustee for the PSB 1997-3 Trust. This does not mean that plaintiffs have pled a claim against Wells Fargo in its individual capacity.

[7]It appears, however, that none of the class members mentioned in paragraph 114 are named plaintiffs or proposed class representatives. Compare Doc. No. 344, ¶¶ 3-11 (Named Plaintiffs) with ¶ 114.

7

Defendant CitiMortgage indicates that it has not been connected with any of the named plaintiffs, and the substance of paragraph 26 does not even identify the capacity in which it has been sued. Defendant CitiMortgage further notes that the discovery process has revealed one borrower (Jerri Gaither) from a list of 135 putative class members that has a connection to defendant CitiMortgage, but notes that plaintiffs have not named Gaither as a named plaintiff in the Seventh Amended Complaint, nor have they pled any connection between Gaither and CitiMortgage in the Seventh Amended Complaint. Defendant CitiMortgage notes the Court's Order regarding a previous discovery dispute hinted that the case against CitiMortgage was not likely to survive a motion to dismiss:

> [T]he relief sought in plaintiffs' pending discovery dispute statement submitted to the Court on August 26, 2011, will be **DENIED** without prejudice to reassertion at a later date if plaintiffs are able to identify a loan held or serviced by defendant Citimortgage (or, stated differently, if plaintiffs' case against defendant Citimortgage survives defendant Citimortgage's likely motion to dismiss related to plaintiffs' proposed amended complaint).

Doc. No. 337, August 31, 2011, at p. 3.

Defendants suggest that, as plaintiffs did not comply with the Court's June 9, 2011 Order which counseled that prudence required them to file a motion for leave to file an amended complaint designating additional class representatives who have a connection to the moving defendants, dismissal of the Seventh Amended Complaint is proper.

Plaintiffs respond, noting first that the Court has already rejected the moving defendants' standing arguments in its June 9, 2011, Order (Doc. No. 311, pp. 12-13), wherein the Court cited Judge Smith's order in Gilmor v. Preferred Credit Corp., 2011 WL 111238, at *7 (W.D. Mo. Jan.13, 2011), and noted that as this is an already-certified class action, Article III's standing requirements must be assessed as to the class as a whole, and not simply with reference to individual named plaintiff. Id. Judge Smith further found that it would be prudent to allow plaintiffs to designate additional class representatives to help ensure that Rule 23's requirements were met, and this Court likewise ordered plaintiffs to

8

file a motion for leave to file an amended complaint designating additional class representatives. See Doc. No. 311, p. 13.[8]

Plaintiffs further argue that they have pled enough of a connection between the defendants and members of the plaintiff class to satisfy Article III's standing requirements, citing the paragraphs in the Seventh Amended Complaint that defendants argue are deficient. Further, with respect to defendant CitiMortgage, plaintiffs assert, "CitiMortgage candidly admits that the limited discovery it has so far provided to Plaintiffs *does* establish a factual connection between CitiMortgage and a Bann-Cor originated loan made to one of the known class members in this case, namely Jerri Gaither," (Doc. No. 377, p. 10), but that plaintiffs "did not make specific reference to CitiMortgage's connection to the Gaither loan in the Seventh Amended Complaint only because CitiMortgage did not provide this specific information to Plaintiffs *until after Plaintiffs had already filed the Seventh Amended Complaint.*" Doc. No. 377, p. 11 (emphasis in original). Plaintiffs state that they acted reasonably and in good faith in alleging that CitiMortgage is liable because it purchased, owned, held and serviced "an as-yet undetermined number of Second Mortgage Loans from Bann-Cor or an intervening purchaser or assignee," Doc. No. 344, ¶ 26, and that the subsequent discovery of one such loan makes these allegations true when made. In the alternative, plaintiffs request leave to amend their complaint pursuant to Fed. R. Civ. P. 15(a)(2) to allege facts related to the Gaither loan.

In reply, defendants Wells Fargo, Countrywide Trust and PSB 1997-4 Trust indicate

---

[8]Plaintiffs further note that the Court indicated the motions to dismiss for lack of standing were denied, whereas the Court denied the Rule 12(b)(6) motions without prejudice. See Doc. No. 311. Plaintiffs argue that this means that the defendants are not allowed to reassert the arguments they raised in the first motions to dismiss considered by this Court. Plaintiffs argument does not take into account that they were ordered to file an amended complaint designating additional class representatives; when plaintiffs' amended complaint does not include named plaintiffs with a connection to the defendants, plaintiffs have not cured deficiencies identified in the original complaint, and defendants are within their rights to reassert their motions to dismiss.

9

that (1) plaintiffs failed to add named plaintiffs with a connection to them, and thus have not cured the problem identified in the Court's June 9, 2011 Order; (2) plaintiffs misinterpret the Court's June 9, 2011 ruling as suggestive rather than mandatory, as the Court would not have entered an Order instructing plaintiffs to "designate[] additional class representatives" if plaintiffs did not need to connect a named plaintiff to each defendant; and (3) plaintiffs do not explain why they added named plaintiffs connected to certain defendants in their Seventh Amended Complaint, but why they did not add named plaintiffs connected to these moving defendants.

The Court is troubled by plaintiffs' failure to identify named plaintiffs with a specific connection to each of the four moving defendants. The Court is particularly concerned because it appears that as to defendants PSB 1997-4 Trust, Wells Fargo, and Countrywide Trust, plaintiffs know which loans are (or may be) connected to these particular defendants, but continue to assert "on information and belief" the names of the plaintiffs connected to each defendant, and then plaintiffs fail to specify what that connection might be. For instance, with respect to the PSB 1997-4 Trust, plaintiff indicates that it is responsible for certain of the loans pled at paragraph 100 of the Seventh Amended Complaint. Only four loans are mentioned at paragraph 100. Surely it would not be too much of a burden for plaintiffs to indicate which of those four loans are connected to defendant PSB 1997-4 Trust, and in what capacity they believe defendant held or serviced those loans. Similarly, as to defendant Wells Fargo, paragraph 117 of the Seventh Amended Complaint lists only three loans. Again, plaintiffs should be able to plead the connection between Wells Fargo in its individual capacity and a named plaintiff with specificity. With respect to defendant Countrywide Trust, plaintiffs have given a lengthy list of loans, one or more of which might be connected to defendant, but none of the loans are connected to a named plaintiff. Finally, with respect to defendant CitiMortgage, plaintiffs do not attempt to connect said defendant with a particular loan or named plaintiff in their Seventh Amended Complaint, but

10

request leave to file an Eighth Amended Complaint if their Seventh Amended Complaint is found to be deficient.

At this point in time, plaintiffs have not pled sufficient facts for the Court to find constitutional standing exists as to these defendants. In the alternative, the Court finds that plaintiffs' failure to plead a specific factual connection between these defendants and a named plaintiff means that plaintiffs have failed to state a plausible claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). The Court believes that plaintiffs have had enough time and direction from the Court, such that they should have been be able to properly plead a cause of action between named plaintiffs and defendants CitiMortgage, Countrywide Trust, Wells Fargo in its individual capacity, and PSB Trust 1997-4. Plaintiffs will not be granted leave to file an Eighth Amended Complaint to try again to state a cause of action, given that they were informed of the Sixth Amended Petition's deficiencies in the Court's previous order and failed to correct them in their Seventh Amended Complaint. Accordingly, defendants' motions to dismiss (Doc. Nos. 353 and 361) are **GRANTED**, and plaintiffs' claims against defendants CitiMortgage, Countrywide Trust, Wells Fargo, and PSB Trust 1997-4 are **DISMISSED.**

**III.    Motions to Dismiss on Statute of Limitations (Doc. Nos. 355, 356, 357, 359, and 362)**

Defendants JPMorgan Chase Bank, N.A. as successor by merger to Bank One, N.A. ("Bank One") (Doc. No. 355); PSB Lending Corp. ("PSB")(Doc. No. 356); Wells Fargo Bank, N.A. in its capacity as trustee of the PSB Lending Home Loan Owner Trust 1997-3 (the "PSB 1997-3 Trust") (Doc. No. 357); Real Time Resolutions, Inc. ("Real Time") and Old Republic Financial Acceptance Corporation ("Old Republic") (Doc. No. 359); and CitiMortgage, Inc. ("CitiMortgage")(Doc. No. 362) have moved to dismiss the claims against them in plaintiffs' Seventh Amended Complaint as barred by the statute of limitations. The Court will consider each defendant's argument, below.

A.    Standard

11

A motion to dismiss pursuant to Rule 12(b)(6) properly raises the defense of the statute of limitations when it "appears from the face of the complaint itself that the limitation period has run." Varner v. Peterson Farms, 371 F.3d 1011, 1016 (8th Cir. 2004). Statutes of limitations are favored under Missouri law, and any exceptions, such as tolling, are strictly construed. Graham v. McGrath, 243 S.W.3d 459, 464 (Mo. Ct. App. 2007); Owen v. General Motors Corp., 533 F.3d 913, 920 n.5 (8th Cir. 2008).

B.      Analysis

1.      Defendant Bank One

Defendant Bank One indicates in its motion (Doc. No. 355) that plaintiffs have sued it based on a loan that Bann-Cor Mortgage allegedly made to newly-named plaintiffs Patrick and Natalie Nasi more than 11 years ago. Plaintiffs did not sue defendant Bank One until October 6, 2011, upon the filing of the Seventh Amended Complaint (Doc. No. 344).[9] Plaintiffs specifically allege in the Seventh Amended Complaint as to the Nasis, that: (1) they obtained a Second Mortgage Loan from Bann-Cor on or about January 18, 2000; (2) certain "fees were charged, contracted for or received by Bann-Cor in connection with the loan"; (3) each of the fees "was payable at closing" and the "Nasis paid the fees by financing them as part of the principal loan amount"; (4) the fees were disclosed on a Settlement Statement; (5) the fees allegedly violated the MSMLA; (6) the Nasis "made payments due on their Second Mortgage Loan, paying the same to Bann-Cor, JPM-BankOne, RFC, GMAC, JPM-Chase and others"; and (7) the Nasis made payments on the loan until in or about April 2006. Doc. No. 344, ¶¶ 189-92.[10]

---

[9] In their Sixth Amended Complaint (Doc. No. 1-1), plaintiffs sued "Banc One, N.A.", but did not allege that any named plaintiffs had a connection with "Banc One, N.A."

[10] Notably, although plaintiffs indicate in their Seventh Amended Complaint that JPM-Bank One is connected to loans made to the Nasis, Jerri Gaither, G. Raymond and Leanne Hefner, and Casey Hoffman (see Doc. No. 344, ¶ 84), plaintiffs only plead specific facts regarding the loan made to named plaintiffs Patrick and Natalie Nasi.

12

When applying the six-year statute of limitations set forth in RSMo. § 516.420 to this case,[11] defendant argues that plaintiffs' claims against it are clearly time-barred. Under § 516.420, all suits "shall be brought within six years after the discovery of the aggrieved party of the facts upon which such penalty or forfeiture attached, or by which such liability was created." Defendant Bank One argues that the facts establishing liability occurred in January 2000, at the closing of their loan (see Seventh Amended Complaint, Doc. No. 344, at ¶¶ 191-92), as the fees were disclosed on the settlement statement and the Nasis paid the fees by financing them at closing. Thus, defendant Bank One argues that the claim against it accrued in January 2000, making the limitations period expire in January 2006. Alternatively, Bank One argues that the statute would have at least been triggered in October 2000 when plaintiffs filed their original complaint in this case. Bank One further states that it has no record that it held, serviced or had any connection with the Nasi loan, and even if it had, allowing plaintiffs to litigate a class action for a decade and only then have a newly added named plaintiff sue a new defendant after their alleged loan closed and plaintiffs actually filed suit is highly prejudicial. Bank One further argues that plaintiffs cannot show that the original filing of this action in 2000 somehow tolled the statute of limitations as to it.

In their response, plaintiffs argue that their claims were filed within six years of their discovery of the facts necessary to impose liability under the MSMLA, noting that under Missouri law the statute of limitations begins to accrue when damages are capable of ascertainment. Business Men's Assur. Co. v. Graham, 984 S.W.2d 501, 507 (Mo. 1999); Gilmor v. Preferred Credit Corp., 10-0189-CV-W-ODS, 2011 WL 111238, *8 (W.D. Mo. Jan. 13, 2011) reconsideration denied, 10-0189-CV-W-ODS, 2011 WL 806014 (W.D. Mo. Mar.

---

[11]Various defendants argue that a three-year statute of limitations ought to apply; however, that argument is foreclosed by the Missouri Court of Appeals decision in Schwartz v. Bann-Cor Mortg., 197 S.W.3d 168, 177-78 (Mo. App. W.D. 2006), which is the law of the case.

13

1, 2011). The "[M]SMLA imposes a penalty for forfeiture, so claims under that statute must be brought 'within six years after discovery by the aggrieved party of the facts upon which such penalty or forfeiture attached, or by which such liability was created.'" Gilmor, 2011 WL 111238, *8 (quoting R.S.Mo. § 516.420 and citing Schwartz v. Bann-Cor Mortgage, 197 S.W.3d 168, 177-179 (Mo. App. 2006)). Plaintiffs note that in Gilmor, Judge Smith found that he could not determine from the record when the plaintiffs first learned of the facts necessary to bring their claims against a defendant, and that was enough to deny the pending motion to dismiss. Id. Plaintiffs argue similarly that, here, defendants have not demonstrated when plaintiffs learned the facts necessary to bring the lawsuit.[12]

Plaintiffs further argue that under a continuing tort theory, the MSMLA claims asserted by the Nasis are timely as the Nasis paid on their mortgage until April 2006, and plaintiffs argue the limitations period runs from each time a borrower is charged or the note or mortgage holder receives illegal fees and/or interest. Plaintiffs note that the MSMLA includes limitations on both closing costs (§ 408.233.1) and the collection and receipt of any interest as stated in § 408.236. Section 408.233.1 provides: "No charge other than that permitted by section 408.232 [interest] shall be directly or indirectly charged, contracted for or received in connection with any second mortgage loan, except as provided in this section . . . ." (Emphasis added.) Section 408.236 provides: "Any person violating the provisions of section 408.231 to 408.241 shall be barred from recovery of any interest on the contract . . ." R.S.Mo. § 408.236.

Plaintiffs argue that an actionable wrong occurred each time Bann-Cor or the Assignee Defendants collected, billed, or received a monthly loan payment from plaintiffs,

---

[12]Plaintiffs further argue as to this point that the complicated nature of the transactions in this matter should serve to toll the statute of limitations. The Court rejects this argument. Instead, as noted by defendant Real Time, plaintiffs offer no Missouri state court authority for this proposition, and "[i]t defies logic and law that Plaintiffs should be allowed to avoid the statute of limitations merely because the underlying transactions were complicated." Doc. No. 382, p. 2.

as the payment and receipt of the illegal charges are separate, recurring transactions.[13]

Plaintiffs state that here, the causes of action are based on continuing and repeated violations of sections 408.233.1 and 408.236.  See Mayo, 763 F.Supp. 2d 1091, 1109 (abrogated on other grounds by Washington v. Countrywide Home Loans, Inc., 655 F.3d 869 (8th Cir. 2011)) (noting that when Bann-Cor or the Assignee Defendants "received" a monthly payment that included repayment of illegal fees that were rolled into principal, a violation of the MSMLA occurred); Mitchell, 334 S.W.3d at 502 (finding that where improper fees are rolled into loan principal on which assignee defendants charged interest, the assignee defendants could be found to have indirectly charged an unauthorized fee).  In neither Mayo or Mitchell were the courts presented with arguments regarding the date of accrual of a cause of action, however; both cases simply dealt with whether assignee defendants could be found to have indirectly charged an unauthorized fee so as to be liable under the MSMLA for their own, independent, violations of the statute.[14]

_____

[13]Plaintiffs further suggest that Missouri's usury law supports their continuing violation theory, as the state's usury laws establish the concept that the cause of action runs from the date of payment. See RSMo § 408.030.2 (usury claim must be "brought within five years from the time when said interest should have been paid"); § 408.052.4 (claim for points or fees beyond that allowed by statute must be "brought within five years of such payment").  The Court, however, finds that Missouri's usury statutes have very limited applicability to this MSMLA case. If the Missouri legislature had wanted the same claim accrual provisions to apply to MSMLA claims as usury claims, the legislature could have provided such a reference within the MSMLA itself.

[14]Plaintiffs make a final argument that the MSMLA claims in this case against all the moving defendants are timely because their liability is derivative of the liability of Bann-Cor (see Schwartz v. Bann-Cor Mortgage, 197 S.W.3d 168, 177-79 (Mo. App. 2006)(Because HOEPA "places the assignee defendants in the same position as Bann-Cor . . . we agree with Borrowers that Borrowers' claims against the assignee defendants are not foreclosed by [§ 516.420 RSMo.]")).  In other words, plaintiffs argue that their claims all defendants, regardless of when they were named in a complaint, should be deemed timely just because the claims against Bann-Cor were timely.  The Court has rejected this argument once before in this case.  See Order on Motion to Remand, Doc. No. 269, p. 17, concurring in Judge Smith's opinion in Gilmor v. Preferred Credit Corp., No. 10-01189-CV-W-ODS, 2011 WL 111238, at *8, n.9)(Jan. 13, 2011), that the interpretation of HOEPA in Schwartz "does not stand for the proposition

Bank One replies that determination of when the claim accrued under Missouri law is a objective inquiry, not a subjective one. Under Missouri law, an action accrues "when a reasonable person would have been put on notice that an injury and substantial damages may have occurred and would have undertaken to ascertain the extent of the damages. At that point, the damages would be sustained and capable of ascertainment as an objective matter." Powel v. Chaminade College Preparatory, Inc., 197 S.W.3d 576, 584 (Mo. 2006); Huffman v. Credit Union of Texas, No. 11-0022-CV-W-ODS, 2011 WL 5008309 at *4 (W.D. Mo. Oct. 20, 2011). In the alternative, Bank One notes that under Missouri law, where there is discovery-rule language in a statute of limitation (such as in R.S.Mo. § 516.420) and the means of discovery of the claim exist, the plaintiff will be deemed to have known of the claim so as to begin the running of the statute of limitations. Albert v. Grant Thornton, 735 F.Supp. 1443, 1447 (W.D. Mo. 1990) aff'd sub nom. Nerman v. Alexander Grant & Co., 926 F.2d 717 (8th Cir. 1991); Community Title Co. v. U.S. Title Guar. Co., Inc., 965 S.W.2d 245, 252 (Mo. App. 1998)(fraud case); Graf v. Michaels, 900 S.W.2d 659, 661 (Mo. App. 1995)(fraud case). Defendant argues that plaintiffs could have learned who held their loans at a much earlier date by using 15 U.S.C. § 1641(f)(2), which provides that upon written request, a loan servicer shall provide the borrower with the name, address and telephone number of the owner or master servicer of the loan.

Defendants further argue that the continuing tort exception does not apply to plaintiffs' claims because (1) the continuing tort argument has been rejected by this and other courts analyzing the doctrine in second mortgage cases (see Schwartz v. Bann-Cor

---

that just because claims against Bann-Cor were timely commenced means that the claims against defendants named 10 years after the filing of the original petition (and perhaps 15 years after the loans were originated) were timely commenced."); see also Doc. No. 269, p.18, n.13 (finding that "Schwartz merely held that the claims against Bann–Cor would be governed by a six-year statute of limitations, and that the claims against Bann-Cor's assignees would also be subject to a six-year limitations period"). The Eighth Circuit's opinion in Washington v. Countrywide Home Loans, Inc., 655 F.3d 869, 673 (8th Cir. 2011), does not compel a different result.

Mortgage, Case No. 00-CV-226639-01, Order dated January 28, 2005, attached as Doc. No. 386 Ex. 1 (finding "the continuing violation theory was wrong"); D'Arcy & Associates, Inv. v. KPMG, 129 S.W.3d 25, 30 (Mo. App. 2004)(finding in a tortious interference and fraud case that the tortious conduct was complete when defendant induced or caused the breach, even though damages may continue to develop); Harvey v. Housing Development Corp. & Info. Ctr., 451 F. Supp. 1198, 1202 (W.D. Mo. 1978)(rejecting continuing tort theory in a Truth in Lending Act case)); and (2) plaintiffs' theory misunderstands the way that mortgage loans work, as the assignee defendants did not receive "fees," but rather received interest on the total loan, regardless of whether the fees were financed as part of the loan

Upon consideration of this matter, the Court finds that questions remain as to when the cause of action accrued as to defendant Bank One. It is unclear from the face of the Seventh Amended Complaint when Bank One was assigned the loan in question (in fact, defendant Bank One asserts that it has no record of the Nasi loan), and the Court believes that the date of assignment (and when a reasonable person would have known of the assignment) may be relevant to this inquiry. Furthermore, without having more of a record, the Court will decline to address whether a continuing violation theory is viable in the MSMLA context. Date of accrual of a cause of action under the MSMLA as to subsequent assignees who still hold or service the loan (or who held or serviced the loan within six years of the filing of the lawsuit) appears to be an open question under Missouri law, and this Court declines to be the first to address such a question on an underdeveloped record as is present on this motion to dismiss. In short, as to defendant Bank One, the Court believes that the issues raised as to the statute of limitations would be better presented in a motion for summary judgment. Defendant Bank One's motion to dismiss as to the statute of limitations (Doc. No. 355) will be **DENIED**.

2. Defendant PSB

17

Similarly, Defendant PSB argues that it was twice sued but dismissed by plaintiffs in 2002 (when plaintiffs added PSB as a defendant in May and voluntarily dismissed it in July) and 2003-05 (when plaintiffs filed their companion case in state court in September 2003 "because the one year savings statute on dismissals is soon to expire as to those defendants dismissed without prejudice from <u>Schwartz I</u>," and then voluntarily dismissed the companion case in February 2005). Until the Seventh Amended Complaint, plaintiffs did not allege a connection between PSB and any of their loans. In the Seventh Amended Complaint, plaintiffs allege claims based on two loans, to named plaintiffs Celia and Plocek, which were made in 1997. In particular, with respect to the Celia loan, plaintiffs allege: (1) Celia obtained a Second Mortgage Loan from Bann-Cor on or about May 14, 1997; (2) certain fees were "charged, contracted for or received by Bann-Cor in connection with the loan"; (3) each of the fees "was payable at closing" and "Celia paid the fees by financing them as part of the principal loan amount"; (4) the fees were disclosed on a Settlement Statement; (5) the fees allegedly violated the MSMLA; (6) Celia "made the payments due on his Second Mortgage Loan, paying the same to Bann-Cor, PSB Lending, Wells Fargo and/or a PSB Trust"; and (7) Celia made payments on the loan until in or about January 2000. <u>See</u> Doc. No. 344, ¶¶ 175-81.

With respect to the Plocek loan, the Seventh Amended Complaint alleges: (1) the Ploceks obtained a Second Mortgage Loan from Bann-Cor on or about June 20, 1997; (2) certain "fees were charged, contracted for or received by Bann-Cor in connection with the loan"; (3) each of the fees "was payable at closing" and the "Ploceks paid the fees by financing them as part of the principal loan amount"; (4) the fees were disclosed on a Settlement Statement; (5) the fees allegedly violated the MSMLA; (6) the Ploceks "made the payments due on their Second Mortgage Loan, paying the same to Bann-Cor, PSB Lending, Wells Fargo, PSB Trust 1997-3 and/or Real Time"; and (7) the Ploceks continue to make payments on their loan. <u>See</u> Doc. No. 344, ¶¶ 197-204. Defendant PSB indicates

18

the claims are time-barred, as the claims accrued either (1) in 1997, when the loans closed; or (2) October 2000, when plaintiffs filed their original petition.

Plaintiffs respond that the previous voluntary dismissals without prejudice entirely irrelevant. Doc. No. 378, p. 10, n. 8. Plaintiffs instead argue that they previously dismissed PSB Lending from the action based on discovery provided to them that was subsequently determined to be incomplete or incorrect, and that these previous dismissals "only show that class counsel have always acted ethically and in good faith in naming each defendant in this case. It also lends further credence to Judge Smith's common sense observation that 'in a complicated financial transaction such as this, it is plausible that while Plaintiffs knew they had suffered damage they did not know the entire ownership history of their loans and, hence, did not know all the entities from whom redress could be retained.'" Doc. No. 378, p.10, n.8, citing <u>Gilmor</u>, 2011 WL 111238 at *8. Finally, the Plaintiffs argue that under the continuing tort theory, the MSMLA claims asserted by the Ploceks are timely.

In reply, PSB Lending Corp. notes specifically that an objective knowledge standard should be used as to when plaintiffs' claims accrued, but even if a subjective knowledge standard was used, plaintiffs' claims against PSB should be dismissed because (1) plaintiffs sued PSB in 2002 and 2003-2005, but voluntarily dismissed their claims; and (2) plaintiffs Celia and the Ploceks expressly allege that after their loans closed in 1997, they made payments to PSB (<u>see</u> PSB's Motion to dismiss, Doc. No. 356, at pp. 2-4, citing the record and allegations in plaintiffs' Seventh Amended Complaint). Therefore, the only inference is that plaintiffs knew PSB's identity, if not in 1997, at least by 2002 when plaintiffs sued PSB, and most certainly more than six years before they sued PSB for the third time in September 2010 (6th Amended Complaint) and the fourth time in October 2011 (7th Amended Complaint). Defendant PSB further argues that the continuing violation theory should not apply, but even if it did, it would not save the Celia's claim.

The Court finds that, under any theory, the statute of limitations has run on the Celia

claim. Given that (1) the Celia loan closed in May 1997 (Doc. No. 344, ¶ 175), (2) plaintiffs allege that Celia made payments due to PSB Lending (among others), and (3) Celia stopped making payments on the loan in 2000 (Doc. No. 344, ¶ 181), the Court cannot find that Celia "discovered" the problems with the loan over ten years after Celia stopped making payments on the loan, just so as to reignite the statute of limitations.

However, with respect to the Plocek loan, the Court (as with defendant Bank One) cannot determine when the loan was transferred or assigned to defendant PSB, and so the Court does not have before it sufficient evidence to grant the motion to dismiss. Again, this argument would be better presented on summary judgment. Thus, defendant PSB's motion (Doc. No. 356) is **GRANTED IN PART** as it relates to the Celia loan, and **DENIED IN PART** as it relates to the Plocek loan.

3.    Defendant PSB 1997-3 Trust

PSB 1997-3 Trust argues similarly (Doc. Nos. 357-58) that it is alleged to have been involved with the Plocek loan, which the Ploceks closed on or about June 30, 1997. The PSB 1997-3 Trust asserts that it was first named in plaintiffs' Second Amended Petition on or about May 20, 2002, and was voluntarily dismissed without prejudice on July 30, 2002. PSB 1997-3 Trust asserts that the Plocek claim accrued at the closing of their loan in 1997, or at the latest in October 2000 when plaintiffs' filed the original petition.

In response, plaintiffs argue that the Ploceks first learned of the facts necessary to bring their claims against the PSB 1997-3 Trust on June 3, 2011, when the PSB 1997-3 Trust filed its response to interrogatory responses in June 3, 2011. Therefore, plaintiffs argue that their claims against the PSB 1997-3 Trust accrued in 2011. (Notably, the PSB 1997-3 Trust was added back in as a defendant in the Sixth Amended Petition, which was filed in September 2010.)

PSB 1997-3 Trust replies that the position that plaintiffs could not have discovered the alleged damage until PSB 1997-3 Trust responded to discovery in this case (after

having been named a defendant) is an incredible one, particularly considering that defendant PSB 1997-3 Trust had been named as a defendant in this case as early as May 20, 2002 (in the Second Amended Petition). Defendant PSB 1997-3 Trust argues that, even if the Court does not find that the limitations period on the Plocek Loan began running when their loan closed in June 1997, the statute would have at least been triggered by October 2000 (when plaintiffs filed their original petition) in this case, or in May 2002 (when plaintiffs fist named defendant PSB 1997-3 Trust).

Although the Court agrees with defendant that it is dubious to assert that the statute of limitations began to run <u>after</u> the filing of the Sixth Amended Petition naming defendant PSB 1997-3 Trust as a party, the Court finds that it cannot determine from the face of the complaint when the PSB 1997-3 Trust was transferred or assigned the loans at issue in this case. Consequently, the Court finds that this issue is one that would be better presented on summary judgment, and defendant PSB 1997-3 Trust's motion to dismiss (Doc. No. 357) will be **DENIED**.

4. Defendants Real Time and Old Republic

Defendants Real Time and Old Republic note that they were first added on September 22, 2010 in the Sixth Amended Petition, and the Court's Order denying plaintiff's motion to remand (Doc. No. 269, p. 19) indicates that as to defendants first added in the Sixth Amended Petition (such as Real Time and Old Republic), the lawsuit "should be considered 'commenced' . . . on September 22, 2010." Plaintiffs allege that Real Time received payments on the Plocek loan, which closed on June 30, 1997. Doc. No. 344, ¶ 197. Plaintiffs allege that Old Republic received payments on a loan issued to named plaintiff Vicki Musgrave, Doc. No. 344, ¶ 187, which was originated by Bann-Cor on May 10, 1997 (<u>id.</u> at ¶ 182), and on which Musgrave allegedly made her last payment in March 1999 (<u>id.</u> at ¶ 188). Defendants assert that the triggering event for the lawsuit occurred either in 1997 (when the loans were originated) or in 2000 (when the case was filed).

21

Further, Old Republic argues that the statute of limitations on the Musgrave claim was triggered in 1999 at the latest, as Musgrave made the last payment on her loan in March 1999.

The Court finds that the claims against Old Republic must be dismissed, as under any theory, the statute of limitations has run on the Musgrave claim. Given that the Musgrave loan closed in 1997 and Musgrave made her last payment in 1999, the statute of limitations for Musgrave's claim for damages under the MSMLA ran long ago. The Court cannot find that Musgrave "discovered" the problems with her loan over ten years after she stopped making payments on the loan, so as to somehow toll the statute of limitations. Additionally, as noted by defendant Old Republic in its reply suggestions, public records from St. Charles County indicate that Old Republic was the owner of the Musgrave loan when it was paid off, and thus plaintiffs could have determined that Old Republic was a proper party to this suit before it was even filed in 2000. See Doc. No. 388, Ex. B, file stamped March 21, 1999. As plaintiffs have not pled a connection between Old Republic and any other loan at issue in this matter, all claims against Old Republic must be **DISMISSED**.

As for defendant Real Time, however, the Court cannot determine from the complaint when defendant Real Time was assigned or transferred the Plocek loan. The statute of limitations issue would be better presented on summary judgment with a more developed record. Thus, the motion to dismiss on statute of limitations grounds (Doc. No. 359) is **DENIED** as it relates to defendant Real Time.

### 5. Defendant CitiMortgage

Given that the Court has already found that defendant CitiMortgage should be dismissed for lack of standing and for failure to state a claim, defendant CitiMortgage's motion to dismiss on statute of limitations grounds (Doc. No. 362) is **DENIED AS MOOT**.

## IV. Motions to Dismiss the Seventh Amended Complaint for Failure to State a Claim (Doc. Nos. 351, 353, 359, and 362)

22

Various of the defendants have filed motions under Rule 12(b)(6) of the Federal Rules of Civil Procedure, renewing arguments made in the previous round of motions to dismiss that plaintiffs have failed to assert sufficient factual allegations stating a plausible claim for relief against them. Notably, in Section II, above, the Court has already found that the claims against defendants Countrywide Trust, PSB 1997-4 Trust, and Wells Fargo in its individual capacity should be dismissed for failure to state a claim under Rule 12(b)(6), and therefore their motion to dismiss (Doc. No. 353) is **GRANTED**. Additionally, as the Court has found in Section II, above, that the claims against defendant CitiMortgage should be dismissed for failure to state a claim upon which relief can be granted, the Court will **GRANT** defendant CitiMortgage's additional motion to dismiss (Doc. No. 362) for the same reasons. The Court will now consider the remaining motions.

A. <u>Standard</u>

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of a short and plain statement is to provide defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 545 (2007)(citation omitted). To satisfy this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009)(quoting <u>Twombly</u>, 550 U.S. at 570). A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (internal quotations omitted). On a motion to dismiss under Rule 12(b)(6), a court's evaluation of a plaintiff's complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 129 S.Ct. at 1950.

B. <u>Analysis</u>

23

In the Court's June 9, 2011, Order (Doc. No. 311), the Court held:

> The use or "and/or" phraseology and lumping of all defendants together into one category results in the reader being unable to determine the exact theory of liability as to each separate defendant. Although plaintiffs complain that they would have to assert 50 separate sets of allegations as to each defendant, the Court believes that this may be necessary under the facts of this case.

> Instead of granting the motion to dismiss, however, the Court finds the better course of action would be to allow plaintiffs to file a motion for leave to file an amended complaint, setting out in specific detail (in compliance with Iqbal and Twombly) their theory of the case as to each defendant.

Doc. No. 311, p. 21. Various defendants complain that the plaintiffs' Seventh Amended Complaint fails to comply with the above edict.

        1.      Defendant Franklin Credit Management Corporation (Doc. No. 351)

Defendant Franklin Credit Management Corporation ("FCMC") argues that plaintiffs' Seventh Amended Complaint still fails to include factual allegations against FCMC that are sufficient to meet the pleading standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 622 (2009). See Doc. Nos. 351 and 352. FCMC further argues that plaintiffs' excessive use of "and/or" and "upon information and belief" makes plaintiffs' complaint vague. In particular, Defendant FCMC points to paragraph 165 of the Seventh Amended Complaint, which alleges plaintiff Brooks "made the payments due under her Second Mortgage Loan, payment the same to BANN-COR, Master Financial, BNY, a MF Trust, and/or FCMC which directly or indirectly charged, contracted for, collected or received the payments of principal and interest that Brooks made." Doc. No. 344, ¶ 165. Additionally, defendant FCMC refers to the following paragraph: "Brooks continued to make monthly payments on the loan until in or about January 30, 2007, and Master Financial, BNY, a MF Trust, FCMC and/or one or more other Assignee or Servicer Defendants, not known or disclosed to Brooks, continued to charge and receive the periodic loan payments that Brooks made." Doc. No. 344, ¶ 166. Defendant FCMC argues

that these allegations are not sufficiently clear such that they can determine what is being alleged against them.

Further, FCMC argues that plaintiffs' use of the phrase "upon information and belief" is improper, as a plaintiff should only be allowed to make allegations upon information and belief when "the facts are peculiarly within the possession and control of the defendant" or "when the belief is based on factual information that makes the inference of culpability plausible." See Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010). FCMC notes that here plaintiffs have used the phrase "upon information and belief" almost 70 times in their Seventh Amended Complaint, and for many of these allegations, the facts are not peculiarly within the control of defendant and the borrowers would have equal knowledge of the facts (see ¶¶ 134, 135, 139-141, regarding the fees and annual percentage rates that were allegedly charged). FCMC further notes the Court's August 31, 2011 Order denying plaintiffs' motion to compel as to Defendant CitiMortgage, where the Court stated:

> [P]laintiffs counsel have been involved with this matter from its initial filing, approximately eleven years ago. Surely plaintiffs' counsel must have had a reason why they named defendant Citimortgage in their sixth amended petition filed in 2010. The Court believes it is up to them to provide that reason in their pleadings in this matter; in short, they need to plead the connection between defendant Citimortgage and members of the putative class.

Doc. No. 337, p. 2. Defendant FCMC states that this reasoning is applicable to the claims against them, as well, and at this point in time plaintiffs ought to be able to plead concrete allegations instead of speculation and conjecture based on information and belief.

Plaintiffs respond that they have asserted a plausible claim for relief under the MSMLA, noting that they have pled facts establishing that (1) each of the plaintiffs obtained a second mortgage loan within the meaning of the MSMLA from Bann-Cor (Doc. No. 344, ¶¶ 1, 134-35, 143, 152, 160, 168, 176, 183, 190, 198, 206); (2) an unlawful interest rate was charged for these loans (Doc. No. 344, ¶¶ 134, 142, 147, 151, 156, 159, 164, 167,

172, 175, 179, 182, 186, 189, 194, 197, 202, 205, 209); and (3) a variety of fees "not permitted by Section 408.233.1" were "directly or indirectly charged, contracted for or received interest in violation of § 408.236." Doc. No. 344, ¶¶ 139, 140, 146, 155, 163, 171, 184, 193, 201, 207.[15]  Plaintiffs further argue that they have asserted plausible claims against each of the moving defendants as (1) the derivatively liable purchaser, assignee and holder of one or more Bann-Cor loans (Doc. No. 344, ¶¶ 229-31), and (2) independently liable loan assignees or holders that "indirectly charged, contracted for or received" illegal fees "in connection with" one or more Bann-Cor loans and "directly or indirectly charged, contracted for or received" interest on the financed loan fees (Doc. No. 344, ¶¶ 78 (defendant FCMC), 108 (defendant Real Time), 137-40 (allegations as to assignee defendants) and 232-41 (Count III of plaintiffs' complaint, for violations of the MSMLA by assignee defendants)).

Plaintiffs further assert that the Seventh Amended Complaint alleges facts sufficient to draw a reasonable inference that each of the moving defendants violated the MSMLA with respect as to at least one Bann-Cor originated loan.  As to each Assignee Defendant (which plaintiffs assert encompass all the moving defendants), plaintiffs allege:

> 137.   Since acquiring the Second Mortgage Loans, the Assignee Defendants, individually and/or through one or more trustees, servicers or other agents, directly or indirectly charged, contracted for, collected or received (and continue to directly or indirectly charge, collect, or receive) payments of principal and interest on the loans from the Second Mortgage Class, as alleged herein.
>
> ***
>
> 139.   In connection with each of the second mortgage loans made to Plaintiffs, the Assignee Defendants that purchased and received Plaintiffs' loans directly or indirectly charged, contracted for, collected or received interest in violation of § 408.236 and one or more fees in violation of § 408.233.1, in that the fees were either not permitted by § 408.233.1 or were in excess of the amount permitted by the MSMLA, § 408.233.1.  Plaintiffs allege upon information and belief that each of the Assignee Defendants

---

[15]Notably, all of these referenced allegations detail what defendant Bann-Cor did, not what any of the other parties did or how they are related to the loans at issue.

similarly charged, contracted for, collected or received the same or similar unlawful interest and fees in connection with the other Second Mortgage Loans.

***

141. The Second Mortgage Loans made to Plaintiffs and, upon information and belief, based on the dates and terms of the other Second Mortgage Loans, the remaining members of the Second Mortgage Class, were "high-cost" mortgages within the meaning of 15 U.S.C. § 1602(aa) in that the annual percentage rate and/or the total amount of the points and fees charged or assessed for the loans satisfied the statutory "triggers" and were such that the Assignee Defendants are liable to Plaintiffs and the members of the Second Mortgage Class as provided in 15 U.S.C. § 1641(d)(1).

Doc. No. 344, ¶¶ 137, 139, 141. Plaintiffs further allege that the specific facts to support these general allegations are set forth as to each Named Plaintiff's loan. See Doc. No. 344, ¶¶ 159 (the Brooks loan, on which plaintiffs allege the Brooks made the payments due to defendant FCMC, among others) and 197 (the Plocek loan, on which plaintiffs allege the Ploceks made payments to defendant Real Time, among others). Plaintiffs assert that all of these allegations allow the Court to draw a reasonable inference that each defendant violated the MSMLA with respect to at least one Bann-Cor originated loan.

With respect to the "and/or" issue, plaintiffs indicate that such phrase only appears 69 times in the Seventh Amended Complaint. Seventeen of those uses are in the three paragraphs used to allege this Court's jurisdiction and venue (Doc. No. 344, ¶¶ 128-130), and plaintiffs argue that many more of those uses make their allegations more clear and concise. Plaintiffs further argue that, significantly, most of the "and/or" phrases were removed in the paragraphs describing the capacity in which defendants were being sued, specifically to make the Seventh Amended Complaint comply with the Court's June 9, 2011 Order. Compare Doc. No. 1-1 ¶ 53 with Doc. No. 344 ¶¶ 77-78 (FCMC) and Doc. No. 1-1 ¶ 67 with Doc. No. 344 ¶¶ 107-08 (Real Time).

To the extent that defendants argue that replacing "and/or" with "and" makes the allegations ambiguous (see Doc. No. 354 at 9, n.2), plaintiffs note that the term "and" is an

27

inclusive conjunction indicating that all terms apply to the moving defendants, and thus leaves no ambiguity as to what is being alleged. Plaintiffs also argue that their use of the phrase "upon information and belief" was justified, as such allegations in their Seventh Amended Complaint reflect the fact that the named plaintiffs currently have limited but imprecise factual information regarding the details of the 135 or so remaining loans at issue in this case. Plaintiffs further argue that none of the "upon information and belief" allegations is so vague and conclusory that defendants cannot discern their meaning.

Plaintiffs also assert that they provided specific allegations explaining each moving defendants' role and connection to this case. With respect to FCMC, plaintiffs assert they have alleged a connection between FCMC and as many as ten loans and as many as sixteen class members (Doc. No. 344, at ¶ 78) (wherein plaintiffs allege that FCMC "purchased and took assignment of what FCMC reported to be a portfolio of 'scratch and dent' loans . . . on or after September 24, 2004," and such loans were made to sixteen identified class members, including named plaintiff Brooks).

In reply, FCMC asserts that plaintiffs are pleading legal conclusions dressed up like facts. Defendant FCMC indicates that plaintiffs have simply set forth the elements of a claim under the MSMLA, but have not pled a specific connection between FCMC and a relevant loan. Instead, FCMC states that plaintiffs' argument that the complicated loan history has thwarted their efforts to plead more concretely is incredulous, as plaintiffs have had over eleven years to discover the necessary facts as to FCMC. In particular, FCMC notes that plaintiffs subpoenaed FCMC's loan files in September 2009, and pursuant to the subpoena FCMC produced several thousand pages for loans at issue. Yet, having all that information, plaintiffs still allege as follows to FCMC:

> FCMC is being sued as the purchaser, assignee, owner, holder and servicer of an **as-yet undetermined number** of Second Mortgage Loans including, without limitation, the Second Mortgage Loans made to Brooks and, **upon information and belief**, the following additional members of the Second Mortgage Class: Mildred C. Carbin, Donna L. Dittrich, Jeffrey P. and Dianna

28

L. Duke, William J. and Robbin Harrison, Jason A. and Carolyn S. Rodriguez, Robert C. and Tina Ruffin Jr., Louis S. and Tina Schmidt, Ronald J. Sommer, and Laura A. and Raymond Taylor.

Doc. No. 344, ¶ 78 (emphasis added).

Upon consideration of defendant FCMC's arguments, the Court concludes that plaintiffs have sufficiently pled a cause of action against defendant FCMC. Plaintiffs have pled a plausible connection between defendant and multiple loans, including one made to a named plaintiff. Furthermore, the Court does not find plaintiffs' use of "and/or" and "upon information and belief" to be as offensive as does defendant. In this case, plaintiffs' Seventh Amended Petition is sufficient, and defendant FCMC's motion to dismiss (Doc. No. 351) will be **DENIED.**

### 2. Defendants Real Time and Old Republic (Doc. No. 359)

Defendants Real Time Resolutions, Inc. ("Real Time") and Old Republic Financial Acceptance Corporation ("Old Republic") similarly move to dismiss this action, incorporating the arguments made by defendant FCMC. See Doc. No. 359.[16] As to Real Time, plaintiffs allege that payments made by the Ploceks were made to "Bann-Cor, PSB Lending, Wells Fargo, PSB Trust 1997-3, Real Time, and/or one or more other Assignee or Servicer Defendants." Id. at 204. Real Time asserts this is not sufficient to state a claim against it.

In response, plaintiffs assert that the Seventh Amended Complaint alleges a connection between Real Time and as many as four loans and as many as seven class members. See Doc. No. 344, ¶¶ 108 and 203. Plaintiffs further assert that Real Time "is being sued as the purchaser, assignee, owner, holder and servicer of the Second Mortgage Loan made to David and Stacey Plocek . . . Angela D. Blank, John and Elisa Gaddy, and William and Loyola Harvey." Doc. No. 344, ¶ 98. In reply, Real Time argues that plaintiffs

_____

[16]As noted above, defendant Old Republic's motion to dismiss on statute of limitations grounds is granted, and therefore the Court finds it unnecessary to consider this alternative ground for dismissal as to Old Republic.

"ignored an express order from this Court and did not cure defects in their pleading and do not meet the standards set forth" in Iqbal and Twombly. See Reply, Doc. Nos. 382.

As discussed above in relation to defendant FCMC, the Court finds that plaintiffs have sufficiently stated a plausible claim against defendant Real Time. Plaintiffs have pled a connection between a loan held by a named plaintiff (as well as other members of the putative class) and defendant Real Time. Accordingly, defendant Real Time's motion to dismiss (Doc. No. 359) will be **DENIED** on these grounds.

## V. Conclusion

Therefore, for the foregoing reasons:

(1) Defendant Franklin Credit Management Corporation's Motion to Dismiss Plaintiffs' Seventh Amended Complaint (Doc. No. 351) is **DENIED**;

(2) Moving Defendants'[17] Motion to Dismiss Plaintiffs' Seventh Amended Complaint (Doc. No. 353) is **GRANTED**;

(3) Motion to Dismiss and Suggestions in Support of Defendant JPMorgan Chase Bank, N.A. as Successor by Merger to Bank One, N.A., Based upon the Expiration of the Statute of Limitations (Doc. No. 355) is **DENIED**;

(4) Motion to Dismiss and Suggestions in Support of Defendant PSB Lending Corp., Based upon the Expiration of the Statute of Limitations (Doc. No. 356) is **GRANTED IN PART** as it relates to the Celia loan, and **DENIED IN PART** as it relates to the Plocek loan;

(5) the PSB 1997-3 Trust's Motion to Dismiss Plaintiffs' Seventh Amended Complaint (Doc. No. 357) is **DENIED**;

(6) Real Time Resolutions, Inc.'s and Old Republic Financial Acceptance Corporation's Motion to Dismiss Plaintiffs' Seventh Amended Complaint (Doc. No. 359) is **DENIED IN PART** as it relates to Real Time Resolutions, Inc., and **GRANTED IN PART** on statute of limitations grounds as to Old Republic Financial Acceptance Corporation;

---

[17]"Moving Defendants" include Wells Fargo Bank, N.A., in its individual capacity ("Wells Fargo"), Wells Fargo Bank, N.A. as trustee of the Countrywide Home Loan Trust 2001-HLV1 ("Countrywide Trust"), and Wells Fargo Bank, N.A. as trustee of the PSB Lending Home Loan Owner Trust 1997-4 ("PSB 1997-4 Trust").

(7)     CitiMortgage, Inc.'s Joinder in Motion to Dismiss for Lack of Standing or, in the Alternative, Motion for More Definite Statement and Suggestions in Support of Motion (Doc. No. 361) is **GRANTED**; and

(8)     Defendant CitiMortgage, Inc.'s Joinder in Motion to Dismiss Seventh Amended Complaint (Doc. No. 362) is **GRANTED IN PART** as it relates to failure to state a claim and **DENIED AS MOOT IN PART** as it relates to the statute of limitations defense.

**IT IS SO ORDERED.**

Dated: <u>July 10, 2012</u>                                          <u>/s/ FERNANDO J. GAITAN, JR.</u>
Kansas City, Missouri                                       Fernando J. Gaitan, Jr.
                                                            Chief United States District Judge

31