**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| JAMES G. WONG, DANIEL R. AND WANDA D. JENSEN, TERRY M. LOVETT (f/k/a TERRY M. BROOKS), BRADLEY AND PAULA BEAL, ALFRED CELIA, VICKI MUSGRAVE, PATRICK AND NATALIE NASI, DAVID AND STACY PLOCEK, and TERRY AND LESA RAPAICH, individually and on behalf of all those similarly situated,<br>    Plaintiffs,<br>v.<br><br>BANN-COR MORTGAGE, et al.,<br>    Defendants. | No. 10-1038-CV-W-FJG |

**ORDER**

Pending before the Court are (1) The Bank of New York Mellon Corporation's Motion for Summary Judgment (Doc. No. 398); and (2) The Bank of New York Mellon Corporation's Motion to Strike (Doc. No. 430).

Also before the Court are the various parties' briefs regarding the impact of Rashaw v. United Consumers Credit Union, 685 F.3d 739 (8th Cir. 2012) (Doc. Nos. 415, 423, and 424). Notably, defendants have filed a Motion for Leave to File Reply Brief Regarding the Impact of Rashaw v. United Consumers Credit Union (Doc. No. 428), and plaintiffs have filed no opposition. Therefore, for good cause shown, defendant's motion for leave to file reply brief (Doc. No. 428) is **GRANTED**, and the Court will consider the proposed reply brief, attached as Exhibit A to Doc. No. 428, as properly filed.

**I.  Background**

Plaintiffs John and Jeannette Schwartz and James G. Wong filed their original petition in this matter on October 31, 2000. See Doc. No. 47, Ex. 1.[1] The original

---

[1] The Schwartz plaintiffs settled their claims against certain defendants in 2009, and are no longer parties to the case. See Doc. No. 1, p. 3, n. 1.

petition brought claims under the Missouri Second Mortgage Loan Act ("MSMLA"), RSMo. §§ 408.231 et seq., alleging certain subordinate lien loans originated by Bann-Cor Mortgage ("Bann-Cor") and secured by Missouri real estate violate the MSMLA. Plaintiffs allege that Bann-Cor violated the MSMLA, § 408.233.1, in the course of making its Missouri loans by "charg[ing], contract[ing] for and/or receiv[ing]" loan origination fees in excess of the applicable statutory cap, in addition to charging a number of other fees that the MSMLA, § 408.233.1, prohibited. Doc. No. 344, ¶¶ 135-36. Named plaintiffs assert they were charged illegal fees that were wrapped up into their loan principal for the loans they entered into, using their Missouri residences for collateral. Plaintiffs assert these loans were then sold or assigned to other entities.

Plaintiffs are suing (1) Bann-Cor, the originating lender (and the lender in common for all the second mortgage loans at issue in this case); and (2) all of Bann-Cor's "downstream" assignees which purchased the loans on the "secondary market" from Bann-Cor, or an intervening assignee, after Bann-Cor made the loans. Plaintiffs seek to recover all of the interest paid in connection with the loans and damages for the losses resulting from the violations of the MSMLA pursuant to RSMo. § 408.236 and/or § 408.562. In 2006, the Missouri Court of Appeals found that the six-year statute of limitations period provided for in R.S.Mo. § 516.420 applied to the MSMLA claims. Schwartz v. Bann-Cor Mortg., 197 S.W.3d 168, 178 (Mo. Ct. App. 2006).[2] On March 25, 2008, Judge John M. Torrence of the Circuit Court of Jackson County, Missouri, entered an order certifying a plaintiff class, which was defined as "All individuals who, on or after October 31, 1994, obtained a 'Second Mortgage Loan' as defined by § 408.231.1 RSMo, from Bann-Cor Mortgage, secured by real property

---

[2] Schwartz is the same case as the present matter; as noted by defendants, there has simply been a change in named plaintiff following a partial settlement, and the case was later removed to this Court.

located in Missouri." Doc. No. 47, Ex. 2, p. 19.[3] Additionally, on May 9, 2009, plaintiffs obtained a grant of partial summary judgment on certain liability issues against Bann-Cor (among others). See Doc. No. 95, Exs. 2 and 3.

On September 21, 2010, plaintiffs requested leave to file a Sixth Amended Petition, and leave was granted on September 22, 2010. Plaintiffs named the following defendants, besides the ones listed in the Fifth Amended Petition: US Bank, NA; US Bank, NA N.D.; Wilmington Trust Company; Firstplus Home Loan Owner Trusts 1997-1, 1997-2, 1997-3, 1997-4, 1998-1, 1998-2, 1998-3, 1998-4, and 1998-5; Empire Funding Home Loan Owner Trusts 1997-1, 1997-2, 1997-3, 1997-4, 1998-1, 1998-2, 1998-3, and 1999-1; Countrywide Home Loans, Inc.; Countrywide Home Loan Trust 2001-HLV1; Cityscape Home Loan Owner Trusts 1997-2, 1997-3, and 1997-4; Cityscape Home Equity Loan Trusts Series 1997 B and 1997 C; US Bank Trust, N.A.[4]; PSB Lending Corporation; PSB Lending Home Loan Owner Trusts 1997-3 and 1997-4; Residential Funding Company, LLC; GMAC Mortgage, LLC; J.P. Morgan Chase Bank, NA, individually and/or formerly or as successor to Banc One, NA and Chase Manhattan Bank; Home Loan Trust 1997-HI3; Amaximis Company, LLC; Amaximis Lending, LP; The Bank of New York Mellon Corporation (f/k/a The Bank of New York); CitiMortgage, Inc.; Comstar Mortgage Corporation f/k/a Accubanc Mortgage Corp.; Franklin Credit Management Company; Ocwen Loan Servicing, LLC; Old Republic Financial Acceptance Corporation; Realtime Resolutions Inc.; Sovereign Bank; Wells Fargo Bank, N.A., formerly and/or as successor to Norwest Bank Minnesota, NA, First

---

[3]At the time of class certification, it appears the only named defendants were Bann-Cor Mortgage, the Money Store, LLC f/k/a/The Money Store Inc., Wachovia Equity Servicing Corp., LLC, as successor to HomEqServicing Corp., Master Financial, and Master Financial Asset Securitization Trusts 1997-1, 1998-1, and 1998-2. See Doc. No. 47, Ex. 2.

[4]This defendant is not named in the Seventh Amended Complaint. See Doc. No. 344.

Union National Bank and/or First Union Trust Company; and Does 47 - 100.

On October 22, 2010, defendant Wells Fargo removed the action pursuant to the Class Action Fairness Act ("CAFA"). On April 18, 2011, the Court denied plaintiff's motion to remand. See Order, Doc. No. 269. On September 2, 2011, plaintiffs filed their motion for leave to file Seventh Amended Complaint (Doc. No. 341), purportedly clarifying their claims against the defendants named in the Sixth Amended Petition. On October 4, 2011, the Court granted the motion. Plaintiffs filed their Seventh Amended Complaint (Doc. No. 344) on October 6, 2011.

Several defendants moved to dismiss plaintiffs' Seventh Amended Complaint. On July 10, 2012, the Court granted in part and denied in part those motions. Notably, defendants JPMorgan Chase Bank, N.A. as successor by merger to Bank One, N.A. ("Bank One"), PSB Lending Corp. ("PSB"), Wells Fargo Bank, N.A. in its capacity as trustee of the PSB Lending Home Loan Owner Trust 1997-3 (the "PSB 1997-3 Trust"), Real Time Resolutions, Inc. ("Real Time"), Old Republic Financial Acceptance Corporation ("Old Republic"), and CitiMortgage, Inc. ("CitiMortgage") all moved to dismiss on statute of limitations grounds. Of these defendants, only the claims against defendants Old Republic and CitiMortgage were dismissed in full. See Order, Doc. No. 395. Thereafter, the Court ordered the parties to brief the statute of limitations issue raised by Rashaw, and defendant The Bank of New York Mellon Corporation filed the pending motion for summary judgment.

II. **The Bank of New York Mellon Corporation's Motion for Summary Judgment (Doc. No. 398); and (2) The Bank of New York Mellon Corporation's Motion to Strike (Doc. No. 430)**

Defendant The Bank of New York Mellon Corporation argues that summary judgment is appropriate as plaintiffs have sued the incorrect entity; instead of suing The Bank of New York Mellon Corporation (which is a holding company for various Bank of New York entities), defendant argues plaintiffs should have sued The Bank of New York Mellon, formerly known as The Bank of New York, as Trustee for Master Financial Asset Securitization Trusts 1997-1, 1998-1, and 1998-2. Defendant asserts that it

informed plaintiffs' counsel that it sued the incorrect party by letter dated February 13, 2012, prior to the parties' March 30, 2012 deadline to amend the pleadings, and yet plaintiffs did not amend their complaint. Defendant The Bank of New York Mellon Corporation argues that the claims against it fail as a matter of law, as it is only a holding company and has no operational responsibility for The Bank of New York Mellon.

In response, plaintiffs argue that defendant's own filings and discovery responses were, at best, confusing, as defendant used the names "The Bank of New York Mellon Corporation" and "The Bank of New York Mellon" interchangeably at earlier times in the lawsuit, and in certain discovery responses "The Bank of New York Mellon Corporation" admitted a role in the loans at issue. Plaintiffs further note that the party they identified in their Seventh Amended Complaint is "The Bank of New York Mellon (a/k/a The Bank of New York Mellon Corporation) (formerly The Bank of New York) ('BNY')." Doc. 344, ¶23. Plaintiffs indicate this change was deliberate, and was based on The Bank of New York Mellon Corporation's previous filings, disclosures, and discovery responses. Plaintiffs further argue that, at the very least, the evidence shows that plaintiffs may have simply misnamed the entity they intended to sue. Plaintiffs request that the Court enter an Order providing that Plaintiffs' Seventh Amended Complaint (Doc. No. 344) should be deemed amended by interlineation to state that "The Bank of New York Mellon (f/k/a The Bank of New York)" is the defendant named in the Seventh Amended Complaint.

After reviewing the issues raised by the parties, the Court finds that the Seventh Amended Complaint adequately identified The Bank of New York Mellon as the defendant in this action. Given the nature of this misnomer and the confusion caused (in part) by defense counsel in its responses to discovery, the Court agrees with plaintiff that amending the Seventh Amended Complaint by interlineation is appropriate. Accordingly, defendant's motion for summary judgment (Doc. No. 390) is **DENIED**, and the Court considers plaintiffs' Seventh Amended Complaint (Doc. No. 344) to be amended by interlineation, replacing every instance of "The Bank of New York Mellon (a/k/a The Bank of New York Mellon Corporation) (formerly The Bank of New York)"

with "The Bank of New York Mellon (f/k/a The Bank of New York)."  Defendant's Motion to Strike (Doc. No. 430) is **DENIED AS MOOT**.

III.   **Statute of Limitations Issues**

As previously noted by the Court, the Eighth Circuit recently issued its opinion in Rashaw v. United Consumers Credit Union, 685 F.3d 739 (8th Cir. 2012). In this opinion, the Eighth Circuit found that, if the Supreme Court of Missouri examined the interpretation of R.S.Mo. § 516.420 found in Schwartz v. Bann-Cor Mortgage, 197 S.W.3d 168, 178 (Mo. App. 2006), the Supreme Court of Missouri would "'ignor[e] [that] precedent in favor of the statute itself,'" and "would hold that § 516.420 is limited to penal statutes and does not apply to civil actions to recover penalties and forfeitures governed by § 516.130(2)." Rashaw, 2012 WL 2892218 at *4. In other words, the Eighth Circuit held that the six-year statute of limitations found in R.S.Mo. § 516.420 does not apply to claims such as the ones made by plaintiffs in the present lawsuit, and the three-year statute of limitations found in section 516.130(2) should apply instead.

In light of the Eighth Circuit's ruling, the Court directed the parties to file briefs addressing the impact of Rashaw on the following issues: (1) whether Rashaw should apply to the claims in this matter; (2) whether the class definition should be modified; (3) whether the class should be decertified for lack of numerosity if the size of the class is reduced; and (4) whether certain of the parties should be dismissed on statute of limitations grounds in light of Rashaw. See Order dated July 18, 2012, Doc. No. 401. Since the time the Court ordered the parties to file supplemental briefing on the impact of Rashaw, plaintiffs in Rashaw (represented by the same counsel as the present case) filed petitions for rehearing and rehearing en banc; those petitions were denied by the Eighth Circuit on August 30, 2012. See Rashaw v. United Consumers Credit Union, Case No. 11-2327, Judge Order dated August 30, 2012.[5]

Additionally, this Court subsequently found in a similar case, Washington v.

---

[5] Plaintiffs have sought certiorari on this issue before the Supreme Court. See Case No. 11-00105-ODS, docket entry dated December 17, 2012. This Court is not inclined to wait until the Supreme Court makes a decision on certiorari before issuing its order on the pending issues.

6

Countrywide Home Loans, Inc., Case No. 08-0459-CV-W-FJG, 2012 WL 4468761 (W.D. Mo., Sept. 26, 2012), that (1) Rashaw applied to the MSMLA claims made in Washington; (2) although the Court is not necessarily bound by the Eighth Circuit's prediction of state law, Rashaw is the best guidance on the issue and the appropriate statute of limitations is three years (R.S. Mo. § 516.130(2)); and (3) the date of accrual of a cause of action under the MSMLA is the date of the loan closing, as the continuing tort doctrine is inapplicable where the amount of interest to be charged on the loans would have been known to plaintiffs at the time of the loan closing. See Washington, 2012 WL 4468761, at *2 and *5. The Court dismissed all claims in the Washington suit as time-barred. Id. The Washington plaintiffs have appealed. See Case No. 08-0349-CV-W-FJG, Doc. No. 167.

The parties have briefed the questions presented by the Court, and the Court examines these responses and the impact they have on this case below.

    A.    Does Rashaw apply?

Defendants indicate that the holding in Rashaw applies to this suit, as R.S.Mo. § 516.130(2) provides a three-year period to file "[a]n action upon a statute for a penalty or forfeiture, where the action is given to the party aggrieved." Defendants note that the Eighth Circuit found in Rashaw that the six-year limitations period found in Section 516.420 "does not apply to civil actions to recover penalties and forfeitures." Rashaw, 685 F.3d at 744. Here, the present MSMLA suit is an action for penalty or forfeiture, as this Court and others have previously found. Wong v. Bann-Cor Mortg., No. 10-1038-CV-W-FJG, 2012 WL 2839828, at *8 (W.D. Mo. July 10, 2012); see also Gilmor v. Preferred Credit Corp., No. 10-0189-CV-W-ODF, 2011 WL 111238, at *8 (W.D.Mo. Jan. 13, 2011); Mitchell v. Residential Funding Corp., 334 S.W.3d 477, 503 (Mo. Ct. App. 2010; Schwartz v. Bann-Cor Mortg., 197 S.W.3d 168, 178 (Mo. Ct. App. 2006).

In response (Doc. No. 423), plaintiffs argue that despite the Eighth Circuit's ruling in Rashaw, this Court should conduct its own, separate inquiry, and "[i]ndependently [a]scertain [w]hether the [d]ecision in Schwartz is the '[b]est [e]vidence' of Missouri [l]aw" on the issue of the applicability of R.S.Mo. § 516.420 to plaintiffs' claims. Doc.

7

No. 423, p. 7. Plaintiffs invite the Court, despite the Eighth Circuit's very recent opinion and the lack of any other relevant intervening opinions by state or federal courts (other than the order in Washington v. Countrywide, Case No. 08-0459-CV-W-FJG, 2012 WL 4468761 (W.D. Mo., Sept. 26, 2012), which post-dates the filing of plaintiffs' brief), to conduct its own searching review of Missouri law.  As this Court found in Washington, however, by giving the parties the opportunity to brief the Rashaw issue, it invited plaintiffs to submit exactly the sort of briefing that they now request further permission to submit.  Washington, 2012 WL 4468761, at *2.  As it previously found in Washington, the Court finds that, although this Court is not necessarily bound by the Eighth Circuit's prediction of state law, Rashaw appears to be the most thorough interpretation of the relevant Missouri statutes of limitation and the best guidance available on this issue.[6] Id.  Accordingly, the Court finds that the relevant statute of limitations is three years. R.S. Mo. § 516.130(2).

    B.    Should certain defendants be dismissed?

Under Missouri law, the right to bring suit "accrues and the statute of limitations is set into motion '[w]hen the *fact of damage* becomes capable of ascertainment ...' even if the actual amount of damage is unascertainable." Bonney v. Envtl. Eng'g, Inc., 224 S.W.3d 109, 116 (Mo. Ct. App. 2007)(internal citations omitted).  "Damage is capable of ascertainment when it can be discovered or is made known, even if its extent remains

---

[6] The Court further notes that there are somewhat conflicting panel decisions from the Eighth Circuit as to the precedential weight that should be accorded the Eighth Circuit's predictions of state law.  According to Peterson v. U-Haul Co., 409 F.2d 1174, 1177 (8th Cir. 1969), neither the Eighth Circuit nor the District Court can make declarations of state law, and such decisions "have no precedential value as state law and only determine the issues between the parties."  However, in a more recent panel decision, the Eighth Circuit found that "Although our circuit has never specifically determined the binding effect of a state law determination by a prior panel, other circuits defer to prior panel decisions absent a 'subsequent state court decision or statutory amendment that makes [the prior federal opinion] clearly wrong.'" AIG Centennial Ins. Co. v. Fraley-Landers, 450 F.3d 761, 767-68 (8th Cir. 2006) (citing Broussard v. Southern Pac. Transp. Co., 665 F.2d 1387, 1389 (5th Cir.1982) (en banc) (internal quotation marks and citation omitted)).  Thus, under Fraley-Landers, it would appear that this Court is bound by the Eighth Circuit's decision in Rashaw.  Regardless of the

8

unknown." D'Arcy & Associates, Inc. v. K.P.M.G. Peat Marwick, L.L.P., 129 S.W.3d 25, 29 (Mo. Ct. App. 2004)(internal citations omitted).

> [I]f the wrong done is of such a character that it may be said that all of the damages, past and future, are capable of ascertainment in a single action so that the entire damage accrues in the first instance, the statute of limitation begins to run at that time. If, on the other hand, the wrong may be said to continue from day to day, and to create a fresh injury from day to day, and the wrong is capable of being terminated, a right of action exists for the damages suffered within the statutory period immediately preceding suit.

Davis v. Laclede Gas Co., 603 S.W.2d 554, 556 (Mo. 1980).

Under the MSMLA, "[n]o charge other than that permitted by section 408.232 [interest] shall be directly or indirectly charged, contracted for or received in connection with any second mortgage loan, except as provided in [section 408.233]." R.S.Mo. § 408.233.1. Section 408.233 then lists the closing costs and other fees permitted under the MSMLA. If a lender violates the MSMLA by, among other things, charging fees prohibited by section 408.233, the lender "shall be barred from recovery of any interest on the contract," unless certain exceptions apply. See R.S.Mo. § 408.236.

Defendants argue, therefore, that plaintiffs' claims accrued on the date their loans were originated, as the fact of damage was capable of ascertainment at that time. Defendants further argue that payment of monthly interest on the loans does not constitute a "continuing violation" such as what is described in Davis v. Laclede Gas Co., 603 S.W.3d at 556, as the fact that there would be payment of interest on the loans is something that would have been known to plaintiffs at the time the loans were originated. Additionally, the trial court in Schwartz v. Bann-Cor Mortgage ruled on the application of the continuing violation theory to an MSMLA claim and held that such a theory did not apply. Order, Schwartz v. Bann-Cor Mortgage, No. 00-CV-226639-01 (Jan. 28, 2005) (Ex. 1 to Doc. No. 163) (citing to D'Arcy, 129 S.W.3d at 30). Furthermore, this Court previously found that in neither Mayo v. GMAC Mortgage, LLC, 763 F.Supp.2d 1091, 1109 (W.D. Mo. Jan. 13, 2011), or Mitchell v. Residential Funding

---

standard of review, the Court finds that the law as stated in Rashaw applies in this case.

Corp., 334 S.W.3d 477, 502 (Mo. App. W.D. 2010), were the courts "presented with arguments regarding the date of accrual of a cause of action." Wong v. Bann-Cor Mortgage, Case No. 10-1038, 2012 WL 2839828, at *8 (July 10, 2012)(J. Gaitan).[7]

In their response, plaintiffs argue that each time a mortgage bill was generated and the plaintiffs made a principal payment on the loan, a continuing violation of the MSMLA occurred. On this point, plaintiffs cite to the Eighth Circuit's opinion in Washington v. Countrywide Home Loans, Inc., wherein the court found that collection of prepaid interest on the loan at the time of loan closing constituted "an additional violation of the statute [R.S. Mo. § 408.236]." Washington v. Countrywide Home Loans, Inc., 655 F.3d 869, 873-74 (8th Cir. 2011). See also Mitchell, 334 S.W.3d at 502 (holding that the fact that "the fees were rolled into the loan principal on which Defendants charged interest . . . also supports a finding that Assignee Defendants 'indirectly charged, contracted for or received' an unauthorized charge 'in connection with' these second mortgage loans"); Mayo v. GMAC Mortgage, LLC, 763 F.Supp.2d 1091, 1109 (W.D. Mo. 2011)(finding that a reasonable jury could find that defendants "indirectly received" loan fees in violation of the MSMLA, § 408.233.1, because the loan fees had been financed and repaid as part of the principal amount).[8] Plaintiffs argue that an actionable wrong (i.e., a violation of the MSMLA that resulted in a loss of money or property within the meaning of § 408.562) occurred every time defendant (or its assignee(s)) billed or received a monthly loan payment of interest and principal from plaintiffs, as an improper charge prohibited by § 408.233.1 was received as part of the principal payment each month, and improper interest prohibited by § 408.236 was received as part of the interest payment received each month. Plaintiffs argue that each payment is a separate and recurring violation of the MSMLA., and that each payment occurred within the limitations period.

---

[7] At that time, the Court declined to address whether a continuing violation theory was permissible under the MSMLA. Id. at *9.

[8] The Court notes, however, that in none of these cases were the courts presented with a question as to the date of accrual of a cause of action under the MSMLA.

10

Upon considering the points and authorities presented by the parties, the Court finds that the date of accrual of each individual's cause of action must be the date of each loan's origination. Thus, if a loan originated prior to October 31, 1997 (three years prior to the date of the filing of this lawsuit), the claims related to that loan are untimely and must be dismissed. As it found in Washingtion, the Court finds that the continuing tort doctrine is inapplicable in this matter, as the interest charged on the loans is a damage that would have been known to plaintiffs at the time of loan closing, and does not constitute a continuing violation of the statute. The Court also finds it notable that the previously-certified class in this matter was defined as "All individuals who, on or after October 31, 1994, obtained a 'Second Mortgage Loan' as defined by § 408.231.1 RSMo, from Bann-Cor Mortgage, secured by real property located in Missouri," and does not include those individuals who obtained mortgages prior to that date but paid interest on the loans within what was then the appropriate limitations period.

Furthermore, even if certain plaintiffs timely sued defendant Bann-Cor, many of the defendants were not named until the filing of the Sixth or Seventh Amended Complaints, in 2010 and 2011, respectively. The Court's Order denying plaintiff's motion to remand (Doc. No. 269, p. 19) indicates that as to defendants first added in the Sixth Amended Petition, the lawsuit "should be considered 'commenced' . . . on September 22, 2010." As for defendants first added in the Seventh Amended Petition, the lawsuit is considered commenced on October 6, 2011 (Doc. No. 344).

Accordingly, the Court will **RECONSIDER** its previous order (Doc. No. 395) denying several parties' motions to dismiss on statute of limitations grounds (Doc. Nos. 355, 356, 357, 359). Analysis of this reconsideration is below.

    1.    Defendant Bank One

Plaintiffs have sued defendant Bank One based on a loan that Bann-Cor Mortgage allegedly made to newly-named plaintiffs Patrick and Natalie Nasi more than 11 years ago. Plaintiffs did not sue defendant Bank One until October 6, 2011, upon

11

the filing of the Seventh Amended Complaint (Doc. No. 344).[9] Plaintiffs specifically allege in the Seventh Amended Complaint as to the Nasis, that: (1) they obtained a Second Mortgage Loan from Bann-Cor on or about January 18, 2000; (2) certain "fees were charged, contracted for or received by Bann-Cor in connection with the loan"; (3) each of the fees "was payable at closing" and the "Nasis paid the fees by financing them as part of the principal loan amount"; (4) the fees were disclosed on a Settlement Statement; (5) the fees allegedly violated the MSMLA; (6) the Nasis "made payments due on their Second Mortgage Loan, paying the same to Bann-Cor, JPM-BankOne, RFC, GMAC, JPM-Chase and others"; and (7) the Nasis made payments on the loan until in or about April 2006. Doc. No. 344, ¶¶ 189-92.[10]

When applying the three-year statute of limitations, R.S. Mo. § 516.130(2), to this case, the Nasis' claims against Bank One are time-barred. Given that the Nasis stopped making payments on their loan in April 2006 and Bank One was not named as a defendant until October 6, 2011, there is no theory under which the Court can find that the Nasis "discovered" the problems with the loan over five years after they stopped making payments on the loan, just so as to reignite the statute of limitations.

The Court finds, however, that in the interests of fairness given the Eighth Circuit's recent pronouncement of the law, plaintiffs should be given a chance to plead facts stating a claim as to the additional members of the second mortgage class named in the complaint (Jerri Gaither, G. Raymond and Leanne Hefner, and Casey Hoffman), whose loans appear to have been originated by Bann-Cor within the statute of

---

[9] In their Sixth Amended Complaint (Doc. No. 1-1), plaintiffs sued "Banc One, N.A.", but did not allege that any named plaintiffs had a connection with "Banc One, N.A."

[10] Notably, although plaintiffs indicate in their Seventh Amended Complaint that JPM-Bank One is connected to loans made to the Nasis, Jerri Gaither, G. Raymond and Leanne Hefner, and Casey Hoffman (see Doc. No. 344, ¶ 84), plaintiffs only plead specific facts regarding the loan made to named plaintiffs Patrick and Natalie Nasi.

12

limitations. The Court cannot tell from the complaint whether plaintiffs have an argument that Bank One was timely sued in relation to the Gaither, Hefner, and/or Hoffman loans. Therefore, plaintiffs are **ORDERED** to file a motion for leave to file an Eighth Amended Complaint, on or before January 30, 2013, stating in particular the reasons they believe the claims of Jerri Gaither, G. Raymond and Leanne Hefner, and/or Casey Hoffman are within the statute of limitations as to Defendant Bank One. Plaintiffs are cautioned that leave to amend shall not automatically be granted. Plaintiffs are further cautioned that leave to amend will be denied to the extent they seek to amend any part of their complaint other than their claims against Defendant Bank One.

   2.  Defendant PSB

The Seventh Amended Complaint alleges that named plaintiff Ploceks obtained a Second Mortgage Loan from Bann-Cor on or about June 30, 1997, that was later transferred to defendant PSB. As the date the loan was obtained is outside the statute of limitations (over three years before plaintiffs filed their lawsuit against Bann-Cor and others), the Court reconsiders its previous order (Doc. No. 395) and finds that defendant PSB's motion to dismiss (Doc. No. 356) must be **GRANTED** as to the Plocek loan. Furthermore, the Court notes that the other loans allegedly connected with defendant PSB (the James R. and Cheryl L. Powelson and Gerald A. and Kimberly A. Whitman loans, see Doc. No. 344, ¶ 100) were made outside the statute of limitations. See Doc. No. 415, Ex. 1. Accordingly, all claims against defendant PSB are **DISMISSED WITH PREJUDICE.**

   3.  Defendant PSB 1997-3 Trust

PSB 1997-3 Trust similarly is alleged to have been involved with the Plocek loan, which closed on or about June 30, 1997. For the same reasons as discussed above, the statute of limitations as to the Plocek's claims expired before this lawsuit was filed in

13

October 2000. Furthermore, the statute of limitations had expired prior to October 2000 on the other loans identified by plaintiffs in their Seventh Amended Complaint as related to defendant PSB Trust 1997-3. Compare Doc. No. 344 ¶¶ 100, 102, with Doc. No. 415, Ex. 1. Accordingly, the Court reconsiders its previous order (Doc. No. 395) and finds that defendant PSB Trust 1997-3's motion to dismiss (Doc. No. 357) must be **GRANTED.** Plaintiffs' claims against PSB Trust 1997-3 are **DISMISSED WITH PREJUDICE.**

    4.    Defendant Real Time

Plaintiffs allege that Real Time received payments on the Plocek loan, which closed on June 30, 1997. Doc. No. 344, ¶ 197. As discussed above, the statute of limitations had expired on the Ploceks' claims prior to the filing of this lawsuit in October 2000. Furthermore, none of the loans listed in paragraph 108 of the Seventh Amended complaint appear to have originated after October 31, 1997. See Doc. No. 415, Ex. 1. Accordingly, the Court reconsiders its previous order (Doc. No. 395) and finds that defendant Real Time's motion to dismiss (Doc. No. 359) must be **GRANTED.** Plaintiffs' claims against Real Time are **DISMISSED WITH PREJUDICE**.

    5.    Sua Sponte Dismissals

A Court may sua sponte dismiss an action if it fails from the face of the complaint. Adams v. Eureka Fire Prot. Dist, 352 Fed. Appx. 137, 139 (8th Cir. 2009); Smith v. Boyd, 945 F.2d 1041, 1042-43 (8th Cir. 1991); McCoy v. Carter-Jones Timber Co., 352 Fed. Appx. 119, 121 (8th Cir. 2009). Accordingly, the claims of named plaintiffs James Wong (whose loan closed on May 8, 1997, Doc. No. 344, ¶ 142), Daniel and Wanda Jensen (whose loan closed on May 11, 1997, Doc. No. 344, ¶ 151), Terry Brooks (whose loan closed on April 25, 1997, Doc. No. 344, ¶ 159), Alfred Celia (whose loan closed on May 14, 1997, Doc. No. 344, ¶ 175), Vicki Musgrave (whose loan closed on May 10, 1997, Doc. No. 344, ¶ 182), and David and Stacey Plocek (whose loan

14

closed on June 30, 1997, Doc. No. 344, ¶ 197) must be **DISMISSED WITH PREJUDICE,** as the statute of limitations expired on all their claims prior to the filing of this lawsuit in October 2000. Furthermore, as noted by defendants (Doc. No. 415, p. 11), the Seventh Amended Complaint asserts that Franklin Credit Management Corporation purchased, owned, held, or serviced ten loans (Doc. No. 344, ¶ 78), and none of these loans were originated on or after October 31, 1997 (Doc. No. 415, Ex. 1, Doc. No. 344, ¶¶ 78, 159). Accordingly, the claims against Franklin Credit Management Corporation must be **DISMISSED WITH PREJUDICE**, as plaintiffs' claim against Franklin Credit Management Corporation fails on the face of plaintiffs' Seventh Amended Complaint. Finally, the Seventh Amended Complaint lists fifty-six loans that The Bank of New York Mellon either purchased, received by assignment, owned, held, or serviced. Doc. No. 344, ¶ 24. All fifty-six of these loans originated before October 31, 1997 (Doc. No. 415, Ex. 1, Doc. No. 344, ¶¶ 24, 142, 151, 159). Therefore, the claims against The Bank of New York Mellon must be **DISMISSED WITH PREJUDICE**, as such claims fail on the face of plaintiffs' Seventh Amended Complaint.[11]

    C.    Should the class definition should be modified, or should the class be decertified?

Finally, the Court directed the parties to brief whether the class definition should be modified or the class decertified for lack of numerosity. It is clear from the above analysis that the class definition should be modified as follows: "All individuals who, on or after October 31, 1997, obtained a 'Second Mortgage Loan' as defined by § 408.231 RSMo, from Bann-Cor Mortgage, secured by real property located in Missouri." However, before plaintiffs provide additional notice to the class (see Plaintiffs'

---

[11] This list of sua sponte dismissals is not intended to be comprehensive. The Court has only included named plaintiffs and defendants where it is clear from the parties' briefs and the record that such claims ought to be dismissed. The Court believes there may be more claims and/or parties that should be dismissed under this order; the Court will rely on the parties to bring these claims to its attention.

15

suggestions, Doc. No. 423, pp. 13-14), the Court would like additional, formal briefing from the remaining defendants and plaintiff as to the propriety of decertifying the class for lack of numerosity.[12] Accordingly, remaining defendants are **ORDERED** to file a motion to decertify the class on or before February 28, 2013. Plaintiffs' response to the motion to decertify is due on or before March 21, 2013. Defendants' reply is due on or before April 4, 2013. Thereafter, the Court will determine whether the class should be decertified, and appropriate notice may then be sent to the affected persons.

## V. Conclusion

Therefore, for the foregoing reasons:

(1) Defendants' Motion for Leave to File Reply Brief (Doc. No. 428) is **GRANTED**;

(2) The Bank of New York Mellon Corporation's Motion for Summary Judgment (Doc. No. 398) is **DENIED**, and plaintiffs' Seventh Amended Complaint (Doc. No. 344) is amended by interlineation, replacing every instance of "The Bank of New York Mellon (a/k/a The Bank of New York Mellon Corporation) (formerly The Bank of New York)" with "The Bank of New York Mellon (f/k/a The Bank of New York)";

(3) The Bank of New York Mellon Corporation's Motion to Strike (Doc. No. 430) is **DENIED AS MOOT**;

(4) The Court **RECONSIDERS** its previous order on motions to dismiss (Doc. No. 395) and finds that

    (a) Bank One's Motion (Doc. No. 355) should be **GRANTED IN PART** as to the Nasi loan, and **DENIED WITHOUT PREJUDICE** in part as related to other loans;

    (b) PSB's Motion (Doc. No. 356) is **GRANTED** and the claims against PSB are **DISMISSED WITH PREJUDICE**;

    (c) PSB 1997-3 Trust's Motion (Doc. No. 357) is **GRANTED** and the

---

[12] Although the parties have briefed this question somewhat, defendants' brief on this issue amounts to a mere four-and –a-half pages (Doc. No. 415, pp 8-12), and plaintiffs' response to this issue is one page (Doc. No. 423, p. 14). The Court desires more robust briefing before making a decision that could affect the rights of so many individuals.

16

claims against PSB 1997-3 Trust are **DISMISSED WITH PREJUDICE**; and

(d) Real Time's Motion (Doc. No. 359) is **GRANTED** and the claims against Real time are **DISMISSED WITH PREJUDICE**;

(5) The Court sua sponte dismisses the claims of named plaintiffs James Wong, Daniel and Wanda Jensen, Terry Brooks, Alfred Celia, Vicki Musgrave, and David and Stacey Plocek, as the loans closed outside the applicable statute of limitations;

(6) The Court sua sponte dismisses the claims against defendants Franklin Credit Management Corporation and The Bank of New York Mellon, as plaintiffs have failed to plead a loan made within the limitations period that relates to these defendants;

(7) Plaintiffs are **ORDERED** to file a motion for leave to file an Eighth Amended Complaint on or before January 30, 2013, as instructed at page 13 of this Order; and

(8) Remaining defendants are **ORDERED** to file a motion to decertify the class on or before February 28, 2013. Plaintiffs' response is due on or before March 21, 2013, and defendants' reply is due on or before April 4, 2013.

**IT IS SO ORDERED.**

Dated: <u>January 14, 2013</u>  /s/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri  Fernando J. Gaitan, Jr.
  Chief United States District Judge

17