IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JAMES G. WONG, et al., ) | |
| individually and on behalf of all those ) | |
| similarly situated, ) | |
|     Plaintiffs, ) | |
| v. ) | No. 10-1038-CV-W-FJG |
| ) | |
| BANN-COR MORTGAGE, et al., ) | |
|     Defendants. ) | |

**ORDER**

Pending before the Court is Plaintiffs' Motion for Leave to File Eighth Amended Complaint (Doc. No. 467), filed pursuant to the Court's Order (Doc. No. 462), which gave plaintiffs an opportunity to attempt to plead facts stating a claim against JP Morgan Chase Bank, N.A., as successor to Bank One, N.A. ("JPM-Bank One") within the statute of limitations as to additional members of the second mortgage class. See Doc. No. 462, p. 12-13.

Plaintiffs assert that if granted leave, they would file an Eighth Amended Complaint asserting that (1) Bann-Cor loaned Jerri Gaither money on August 11, 1999, and Gaither continued to make payments on that loan to JPM-Bank One and others until December 2002; (2) Bann-Cor loaned G. Raymond Hefner and Leann M. Hefner money on January 19, 2000, and the Hefners continued to make payments on that loan to JPM-Bank One and others until November 2003; (3) Bann-Cor loaned Casey J. Hoffman money on January 22, 2000, and Hoffman continued to make payments on that loan to JPM-Bank One and others until some unnamed date; and (4) Bann-Cor loaned Armond I Kocsis and Peggy A Kocsis money on June 19, 1999, and the Kocsises continued to make payments on the loan until August 2004. Plaintiffs

acknowledge that, given the Court's prior rulings and the facts set forth above, plaintiffs expect that leave to file the proposed amendments will be denied as futile. Plaintiffs acknowledge that the public record indicates that payments on each of the above four loans would have ceased before April 2006, the date on which Plaintiffs Patrick and Natalie Nasi repaid their Bann-Cor loan, and the date on which the Court has already found "there is no theory under which the Court can find that the Nasis 'discovered' the problems with the loan over five years[1] after they stopped making payments on the loan, just so as to reignite the statute of limitations." See Doc. No. 462, p. 12.

In response, defendant JPM-Bank One asserts that the claims of all four of the proposed plaintiff loans are barred by the statute of limitations, as (1) the plaintiffs sued JPM-Bank One more than three years after their loans closed, given that defendant JPM-Bank One was not named as a defendant until 2011; (2) even under plaintiffs' continuing violation theory, which the Court has rejected, payments were complete on all four of the proposed plaintiff loans more than three years prior to the naming of JPM-Bank One as a defendant in this lawsuit[2]; (3) even under more extreme theories,

---

[1] The Court said five years in its previous order because plaintiffs did not name JPM-Bank One as a defendant until the filing of their Seventh Amended Complaint in October 2011. Plaintiffs argue that Bank One was joined as a defendant in September 2010 (see Doc. No. 467, p. 10). However, the defendant that was joined in 2010 in the Sixth Amended Complaint was "Banc One, N.A.," not "JPM-Bank One." Regardless, even if the Court considered the applicable date to be September 2010, that cannot save plaintiffs' claims when a three-year statute of limitations applies.

[2] Notably, although plaintiffs do not assign an end date to the Hoffman loan within their proposed Eighth Amended Complaint, defendant attaches to its opposition a publicly recorded assignment indicating that JPM-Bank One sold and assigned the Hoffman deed of trust, promissory note, and the money due on it to a third party on August 13, 2004. Doc. No. 476, Ex. A.

such as using a six-year statute of limitations, finding that the cause of action did not accrue until the plaintiffs ceased paying on the loans, and treating the September 22, 2010 petition as naming JPM-Bank One, defendant JPM-Bank One was still not timely named as defendant as to any of the four proposed plaintiff loans.  Plaintiffs have filed reply suggestions focusing entirely on the propriety of the Court's previous ruling that a three-year statute of limitations applies; plaintiffs do not address defendant's arguments that, even if the Court found a six-year statute of limitations and continuing violation theory to be applicable, there is still absolutely no theory under which plaintiffs could be found to have timely named defendant JPM-Bank One in this matter.

Therefore, for the reasons stated by defendant JPM-Bank One, plaintiffs' motion for leave to file an Eighth Amended Complaint (Doc. No. 467) will be **DENIED.**  All claims against JPM-Bank One are **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Dated: March 25, 2013 /s/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri Fernando J. Gaitan, Jr.
Chief United States District Judge