**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

JAMES G. WONG, et al.,           )
individually and on behalf of all those   )
similarly situated,                 )
           Plaintiffs,       )
v.                            )   No.   10-1038-CV-W-FJG
                             )
BANN-COR MORTGAGE, et al.,    )
           Defendants.      )

**ORDER**

      Pending before the Court is Wilmington Trust Company's ("WTC") Motion to Dismiss (Doc. No. 457). WTC seeks to dismiss claims alleged in the Seventh Amended Complaint against it in its individual capacity and in its capacity as trustee for the following six defendant trusts: (1) Countrywide Home Loan Trust 2001-HLV1 ("Countrywide Trust"); (2) Master Financial Asset Securitization Trust 1997-1 ("97-1 MF Trust"); (3) Master Financial Asset Securitization Trust 1998-1 ("98-1 MF Trust"); (4) Master Financial Asset Securitization Trust 1998-2 ("98-2 MF Trust"); (5) PSB Lending Home Loan Owner Trust 1997-3 ("97-3 PSB Trust"); and (6) PSB Lending Home Loan Owner Trust 1997-4 ("97-4 PSB Trust") (collectively, "Trust Defendants").

      Defendant moves to dismiss on three bases: (1) lack of standing; (2) failure to state a claim against defendant under Rule 12(b)(6); and (3) improper or insufficient service as to four of the six Trust Defendants, under Rules 12(b)(4) and (5). With respect to lack of standing and Rule 12(b)(6), the Court has dismissed claims against defendant Wells Fargo Bank on the same grounds, finding that plaintiff had failed to plead a specific factual connection between Wells Fargo and a named plaintiff. See Doc. No. 395, p. 11. Here, defendant WTC notes that plaintiffs have not identified any

named plaintiff with a claim or specific connection to WTC in its individual capacity or in its capacity as trustee of the Countrywide Trust, the 98-1 MF Trust, the 98-2 MF Trust, and the 97-4 PSB Trust.   See July 10, 2012 Order, Doc. No. 395, pp. 6, 7, 10, and 11. Also, notably, when asserting the capacity in which defendant WTC has been sued, the Seventh Amended Complaint omits the 97-1, 98-1, and 98-2 MF Trusts, as well as the 97-3 and 97-4 PSB Trusts from the list of twenty-three trusts for which WTC has been sued as Owner Trustee.   See Seventh Amended Complaint, ¶ 119; Doc. No. 458, p. 9.

In its Notice of Supplemental Authority in Support of Motion to Dismiss (Doc. No. 463), defendant WTC also notes that given the Court's holding that the statute of limitations had expired with respect to the Wong, Jensen, and Plocek loans (see Order, Doc. No. 462, pp. 14-15), all claims against WTC as trustee of the 97-1 Master Financial Trust and the 97-3 PSB Trust should be dismissed for lack of standing as well.

Further, defendant WTC argues that service on WTC as trustee for the Countrywide and Master Financial Trusts was insufficient, as in 2010 and 2011 WTC was no longer a trustee of the Countrywide and Master Financial Trusts, as Certificates of Cancellation terminating those Trusts were filed in 2006 and 2007.   Additionally, the Summons for plaintiffs' Sixth Amended Petition failed to list the Master Financial Trusts among the list of twenty-two specifically identified trusts that plaintiffs asserted it was suing WTC for acting as trustee.

Plaintiffs have filed suggestions in opposition to the motion to dismiss (Doc. No. 471); however, plaintiffs acknowledge that the basis for their opposition is essentially the same as what the Court has previously rejected.   See Orders, Doc. Nos. 395 and 462.   Although plaintiffs ask the Court to reconsider its previous orders, the Court finds

that reconsideration is not warranted under the circumstances. Furthermore, although plaintiffs ask for leave to file an Eighth Amended Complaint and another chance to properly plead a claim against defendant WTC in its trustee capacity and otherwise effectuate proper service (see Doc. No. 471, p. 4. n.1), the Court finds that the time for effectuating proper service and properly pleading this twelve-year-old case has long passed.   The Court finds that, for the same reason as stated in its July 10, 2012 Order as to defendant Wells Fargo Bank, the claims against WTC in its individual and trustee capacities for Countrywide Trust, the 98-1 MF Trust, the 98-2 MF Trust, and the 97-4 PSB Trust should be dismissed for lack of standing and failure to meet the pleading requirements of Rule 12(b)(6).   Furthermore, the Court concurs with defendant WTC that given the Court's holding that the statute of limitations had expired with respect to the Wong, Jensen, and Plocek loans (see Order, Doc. No. 462, pp. 14-15), all claims against WTC as trustee of the 97-1 Master Financial Trust and the 97-3 PSB Trust should be dismissed.   Further, the Court agrees with defendant WTC, for the reasons stated in its motion and suggestions in support, that service on WTC as trustee for the Countrywide and Master Financial Trusts was insufficient.

Therefore, for the reasons stated by defendant WTC, its motion to dismiss (Doc. No. 457) is **GRANTED.**   The claims against WTC are **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Dated:  March 25, 2013                                  /s/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri                                  Fernando J. Gaitan, Jr.
                                                       Chief United States District Judge

3