**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| JAMES G. WONG, et al., ) | |
| individually and on behalf of all those ) | |
| similarly situated, ) | |
|     Plaintiffs, ) | |
| v. ) | No. 10-1038-CV-W-FJG |
| ) | |
| BANN-COR MORTGAGE, et al., ) | |
|     Defendants. ) | |

### ORDER

Pending before the Court are (1) Defendant JPMorgan Chase, N.A., as Former Trustee and as successor to Chase Manhattan Bank, N.A.'s ("Former Trustee Chase") Motion for Summary Judgment Based Upon the Expiration of the Statute of Limitations (Doc. No. 472); (2) Defendants' Motion to Decertify the Plaintiff Class as to Defendant JPMorgan Chase, N.A., as Successor to Chase Manhattan Bank ("Former Trustee Chase"), Defendant JPMorgan Chase, N.A., as Successor by Merger to Bank One, N.A. ("JPM-Bank One"), and Wilmington Trust Company (Doc. No. 482); and (3) Named Plaintiffs' and Defendant U.S. Bank National Association ND's Joint Motion for an Order and Final Judgment Dismissing U.S. Bank National Association ND as a Party with Prejudice (Doc. No. 485).

**I.  Background**

Briefly, the history of this matter as it relates to defendant Former Trustee Chase is as follows. This matter was first brought on October 31, 2000, in the Circuit Court of Jackson County, Missouri. Former Trustee Chase was not named in the original petition, but the original petition named a variety of Doe defendants. Chase Manhattan Bank was first named as a defendant in the Second Amended Petition, filed on May 28,

2002, both in its individual capacity and as the party to serve on behalf of defendant Money Store Residential Trust 1997-II.  Despite naming Chase Manhattan Bank in the lawsuit in 2002, plaintiffs filed a Third Amended Petition which named a number of other investor defendants, but not Chase Manhattan Bank.[1]  Plaintiffs also voluntarily dismissed Chase Manhattan Bank without prejudice, and the order implementing the voluntary dismissal was entered on September 9, 2002.  Chase Manhattan Bank U.S.A., N.A., as owner trustee of the Money Store Residential Trust 1997-II was voluntarily dismissed without prejudice on July 30, 2002.

After 2002, defendants were not re-named in the Fourth or Fifth Amended Petitions filed in this matter in state court. However, plaintiff Wong and others filed a second action in 2003, state court case number 03CV2224614 ("Schwartz II"), for the stated purpose of preserving claims of putative class members against any statute of limitations defense.  Schwartz II was voluntarily dismissed without prejudice on February 16, 2005.

Over five years passed without Former Trustee Chase being named as a defendant in this matter.  In plaintiffs' Sixth Amended Petition, filed on September 22, 2010, plaintiffs named "J.P. Morgan Chase Bank, NA" as the successor to Chase

---

[1] Plaintiffs assert in their response to defendant's facts that "Chase Manhattan Bank was not specifically identified as a Defendant but was identified as and within the definition of a Doe Defendant.  See Doc. 95-6, at ¶¶ 15-16."  Doc. No. 495, p. 4.  This argument defies logic and common sense, as well as any sense of the rules of civil procedure.  The "Doe" denomination is for use when a defendant is unknown, not as a placeholder for known defendants who plaintiff's counsel has decided they do not wish to pursue at a particular point in time.  See Order on Motion to Remand, Doc. No. 269, p. 16.  The Court similarly finds plaintiffs' argument that Chase Manhattan Bank was a "Doe" defendant in the Fourth and Fifth Amended Petitions to be unavailing, particularly considering that plaintiffs had voluntarily dismissed Chase Manhattan Bank from this

Manhattan Bank. None of the named plaintiffs at that time made any allegation that Former Trustee Chase was connected to their loans. On June 9, 2011, after the action was removed to federal court, this Court entered an Order directing plaintiffs to file an amended complaint designating additional class representatives who had a connection with specific defendants and providing a more definite statement. Doc. No. 311.

Plaintiffs filed their Seventh Amended Complaint on October 6, 2011. Doc. No. 344. Plaintiffs' Seventh Amended Complaint is the first to name Bradley and Paula Beal ("the Beals") as plaintiffs with a loan connected with Former Trustee Chase (Doc. No. 344, ¶¶ 6, 85). Paragraph 85 of the Seventh Amended Complaint also lists additional borrowers who allegedly are class members with a loan connected to defendant Former Trustee Chase, and among those referenced are named plaintiffs Patrick and Natalie Nasi. See Doc. No. 344, ¶¶ 85 and 106. The Beals' loan was originated on or about May 26, 2000, and was paid off in April 2002. The Nasis' loan was originated on January 18, 2000, and was paid off in April 2006. Of the other loans listed in plaintiffs' complaint as related to defendant Former Trustee Chase, one is not a member of the plaintiff class. Of the remaining 21 loans listed in the Seventh Amended Complaint, all were originated between June 7, 1997 and December 31, 2000, and all had settlement statements disclosing the fees at their respective closings. **II.**

**Motion for Summary Judgment (Doc. No. 472)**

Defendant Former Trustee Chase notes that the Court has already determined that the plaintiffs' cause of action for improper fees under the MSMLA accrues at the

---

lawsuit in 2002. See infra.

time of origination of the loans (when the borrowers were issued HUD-1 statements listing the challenged fees).  See Order, Doc. No. 462 at 11.  In this matter, no named plaintiff asserted a specific connection between themselves and Former Trustee Chase until October 6, 2011, which is approximately 11 years after the most recent of the subject loans was originated.  Former Trustee Chase argues that this is untimely, regardless of whether the Court finds a three-year limitations period applies (as this Court has already found in this matter; see Doc. Nos. 462, 493, and 494; see also Rashaw v. United Consumers Credit Union, 685 F.3d 739 (8th Cir. 2012)), or whether a six-year limitations period as advocated for by plaintiffs applies.

Defendant Former Trustee Chase also argues that the claims made against it in 2010 and 2011 do not relate back to those filed and dismissed in the Second Amended Petition in 2002.  The Court has already held, in denying plaintiffs' motion to remand, that the Sixth Amended Petition (filed in 2010) commenced the action against the parties that had been previously named and voluntarily dismissed.  See Doc. No. 269 (holding, "the Court cannot find that the [defendants renamed eight years after dismissal] should be considered "Doe" defendants, in that plaintiffs were obviously aware of their identity at (or near) the inception of this lawsuit, and those defendants were dismissed from this matter without prejudice in 2002.  This is not a 'misnomer' situation by any stretch of the imagination; instead, it is clear that plaintiffs were aware of the identities of these defendants, made a choice to dismiss them from the lawsuit, and then made another choice over eight years later to re-assert claims against them." Id. at p. 15).

Defendant Former Trustee Chase further argues that plaintiffs' claims are not

4

saved by a continuing violation theory, noting that this Court has already held that the continuing tort doctrine is not applicable in this matter (Order, Doc. No. 462 at 11). Further, defendant Former Trustee Chase notes that this Court has already held that the Home Ownership and Equity Protection Act ("HOEPA") does not stand for the proposition that just because claims against a loan's originator were timely commenced are the claims against downstream assignees timely commenced. See Doc. No. 269, p. 17-19; Doc. No. 395, pp. 15-16 n. 14. Finally, the 21 potential class loans all originated in 2000 or earlier, making all class members' claims against defendant Former Trustee Chase barred for the same reasons as the named plaintiffs' claims.

In response, plaintiffs urge the Court to reconsider its previous rulings. Plaintiffs also urge the Court to decertify the class prior to entering any order on summary judgment, arguing that the Court should decline to enter summary judgment as to the claims related to the loans made to absent class members. In particular, plaintiffs argue that the Court's January 14, 2013 Order "concludes that, as a result of its decisions, this action should be decertified for lack of numerosity." See Doc. No. 495, p. 15. This is not an accurate citation to the Court's January 14, 2013 Order. The Court's Order of January 14, 2013 does not decertify this action; instead, the Court indicated that it wanted "additional, formal briefing from the remaining defendants and plaintiff as to the propriety of decertifying the class for lack of numerosity." Doc. No. 495, p. 15. The Court further found that after briefing, "the Court will determine whether the class should be decertified, and appropriate notice may then be sent to the affected persons." As noted by defendant Former Trustee Chase in its reply suggestions (Doc. No. 496), this is merely a call for briefing on decertification.

5

Additionally, although plaintiffs have filed a "Stipulation to Decertification of Class for Lack of Numerosity," (Doc. No. 491), the Court has not yet accepted such stipulation. Furthermore, that "Stipulation," by its terms, only applied to the claims against Defendants Former Trustee Chase, JPMorgan Chase, N.A., as Successor by Merger to Bank One, N.A. (which party was dismissed by Order of this Court on March 25, 2013, Doc. No. 493), and Wilmington Trust Company (which party was dismissed by Order of this Court on March 25, 2013, Doc. No. 494). Doc. No. 491, p. 4. The Stipulation does nothing as to the claims against the many parties that have not answered or otherwise participated in this litigation. The Court also agrees with defendant Former Trustee Chase that plaintiffs' position here seems to be an attempt to avoid binding absent class members with an adverse ruling on the merits. Doc. No. 496, p. 4. Accordingly, the Court **DECLINES** to accept plaintiffs' stipulation (Doc. No. 491).

Upon consideration of defendant Former Trustee Chase's Motion for Summary Judgment, the Court finds that, for all the reasons stated in defendant's motion, the motion should be **GRANTED**. As the Court has previously found, the proper statute of limitations is three years under R.S. Mo. 516.130(2) (Doc. Nos. 462, 493, and 494), a cause of action accrues under the MSMLA at the time of loan origination (id.), the continuing tort doctrine is inapplicable (Doc. No. 462), and HOEPA does not operate to extend the statute of limitations as to downstream assignees or others handling the loans (Doc. No. 269, p. 17-19; Doc. No. 395, pp. 15-16 n. 14). None of the loans related to defendant Former Trustee Chase were originated after 2000, and although defendant Former Trustee Chase was sued by plaintiffs in 2002, it was dismissed

without prejudice that same year and not re-named until 2010. The Court finds that relation-back cannot apply to save plaintiff's claims as Former Trustee Chase is not a "Doe" defendant under the law (see Doc. No. 269, p. 15). Furthermore, Missouri's savings statute for claims dismissed without prejudice only gives plaintiffs a grace period of one year to re-file such voluntarily dismissed claims. R.S.Mo. § 516.230. Whether the Court were to consider the voluntary dismissal of the claims against defendant in Schwartz I (in 2002) or in Schwartz II (in 2005) to be the appropriate starting point to begin the clock ticking on Missouri's savings statute, plaintiffs missed the deadline for re-naming defendant Former Trustee Chase by several years. The Court cannot find that plaintiffs' action against defendant Former Trustee Chase was asserted within the statute of limitations. Accordingly, defendant Former Trustee Chase's Motion for Summary Judgment (Doc. No. 472) is **GRANTED**, and all claims against Former Trustee Chase are **DISMISSED.**

**III.    Defendants' Motion to Decertify the Plaintiff Class (Doc. No. 482)**

Defendants' Motion to Decertify was only as to defendant Former Trustee Chase, defendant JPM-Bank-One, and Wilmington Trust Company. The claims against all three of these defendants have now been dismissed. Therefore, their motion to decertify (Doc. No. 482) is **DENIED AS MOOT.**

**IV.    Named Plaintiffs' and Defendant U.S. Bank National Association ND's Joint Motion for an Order and Final Judgment Dismissing U.S. Bank National Association ND as a Party with Prejudice (Doc. No. 485)**

Plaintiffs and defendant U.S. Bank National Association, ND (U.S. Bank) have jointly moved to dismiss defendant U.S. Bank, as the parties and counsel "have

thoroughly investigated the claims alleged against [U.S. Bank] and now agree that none of the second mortgage loans that are the subject of this action were sold to, assigned to, or held or serviced by Defendant." Doc. No. 485, p. 1. The parties recognize the Rule 23(e) requires court approval of such dismissal, as well as such notice of the settlement to members of the class as the Court directs. The parties argue that some courts have held that notice to class members of a dismissal is not mandated where there is no evidence of collusion and no prejudice to absent class members. However, the Court has reviewed the cases cited by the parties (see Doc. No. 485, p. 2, ¶ 5 and n. 1), and all involve dismissals that occurred prior to a class being certified. That is not the case here.

However, given that plaintiffs represent that they have no claim against defendant U.S. Bank at all, the Court will treat the pending motion as defendant U.S. Bank's motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Given plaintiffs' representations in the pending motion (Doc. No. 485), they could not legitimately oppose such a motion. Accordingly, the motion to dismiss (Doc. No. 485) is **GRANTED**, and the Court hereby dismisses the claims against U.S. Bank National Association ND with prejudice.

## V.     Claims Against Remaining Defendants

Given the above rulings, there appear to be no active defendants remaining in this case. Two defendants (GMAC Mortgage, LLC and Residential Funding Company, LLC) have filed notices of bankruptcy, and the case will remain stayed as to them. There are numerous other defendants, however, that appear to be defunct, in default,

and/or un-served. These defendants are: Bann-Cor Mortgage; Amaximis Lending, LP; Amaximis Company, LLC; Comstar Mortgage Company (f/k/a Accubanc Mortgage Corp.); Home Loan Trust 1997-HI3; Master Financial, Inc.; Master Financial Asset Securitization Trust 1997-1; Master Financial Asset Securitization Trust 1998-1; and Master Financial Asset Securitization Trust 1998-2.[2] With respect to these remaining defendants, plaintiffs are **ORDERED** to submit a proposal for resolving these claims on or before **JUNE 3, 2013.**

VI.  **Conclusion**

Therefore, for the foregoing reasons,

(1) Defendant JPMorgan Chase, N.A., as Former Trustee and as successor to Chase Manhattan Bank, N.A.'s ("Former Trustee Chase") Motion for Summary Judgment Based Upon the Expiration of the Statute of Limitations (Doc. No. 472) is **GRANTED**;

(2) Defendants' Motion to Decertify the Plaintiff Class as to Defendant JPMorgan Chase, N.A., as Successor to Chase Manhattan Bank ("Former Trustee Chase"), Defendant JPMorgan Chase, N.A., as Successor by Merger to Bank One, N.A. ("JPM-Bank One"), and Wilmington Trust Company (Doc. No. 482) is **DENIED AS MOOT**;

(3) Named Plaintiffs' and Defendant U.S. Bank National Association ND's Joint Motion for an Order and Final Judgment Dismissing U.S. Bank National

---

[2] This list is generated from the Seventh Amended Complaint, removing all defendants who have either settled or been dismissed. If the plaintiffs are aware of other defendants the Court has somehow missed, they should inform the Court in response to

Association ND as a Party with Prejudice (Doc. No. 485) is **GRANTED**; and

(4)  Plaintiffs are **ORDERED** to submit a proposal for resolving the claims against the non-participating defendants on or before **JUNE 3, 2013.**

**IT IS SO ORDERED.**

Dated:  May 7, 2013  /s/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri  Fernando J. Gaitan, Jr.
Chief United States District Judge

---

this Order.